## A. M. LEWIS, JR. *v.* THE BOARD OF COMMISSIONERS OF WAKE COUNTY.

There is no provision of law for the payment of witnesses summoned to appear and testify generally before the grand jury "in certain matters then and there to be enquired of;" and there is no authority of law to issue such summons.

Witnesses are entitled to compensation, where a bill is prepared and sent to the grand jury, with the names of those summoned endorsed thereon as sworn and sent.

This was a controversy submitted without action, upon a case agreed, and heard before his Honor *Judge Watts,* at June Term, 1875, of the Superior Court of Wake county.

All the facts in the case are stated in the opinion of the court.

There was judgment in favor of the plaintiff; thereupon the defendant appealed.

*Busbee & Busbee,* and *G. H. Snow* for the appellant.
*Badger & Devereux, Batchelor & Son,* and *A. M. Lewis,* contra.

Bynum, J.    This is a controversy submitted without action, under section 315 of the Code of Civil Procedure, upon the following case agreed:    A. M. Lewis, a citizen and resident

of Franklin county, on the 8th day of April, 1875, was served with a subpœna, in the following words and figures, to-wit:

"WAKE COUNTY—IN THE SUPERIOR COURT.

*To A. M. Lewis, Jr., Greeting:*

You are hereby commanded to appear before his Honor S. W. Watts, at Raleigh, *instanter*, to give evidence in a certain matter then and there to be enquired of by the grand jury. Herein fail not.

Issued the 8th day of April, 1875.

JNO. N. BUNTING,
Clerk Superior Court of Wake county."

The plaintiff attended and gave evidence to the grand jury, as required. Thereupon a witness ticket was proved by him and certified by the Clerk as follows:

"SUPERIOR COURT,    &#125;    SPRING TERM, 1875. <br>      *Wake County.* &#125;   *Before the Grand Jury.*

A. M. Lewis, Jr., charges the State for six days attendance as witness, at $1.50 per day, $9.00. Mileage at 5 cents, $3.20. This ticket sworn to before me, 10 cents. Total $12.30.

JNO. N. BUNTING, Clerk."

The above case agreed was submitted to the Judge of the Superior Court of Wake, and it was by him adjudged that the said witness ticket be allowed, and that the defendants pay the same. From this judgment the defendants appealed to this court.

At common law, no costs were recoverable by the plaintiff or defendant, in civil actions or in criminal prosecutions. 2 Inst., 288. No fees need have been tendered or paid by the State, to compel the attendance of witnesses in criminal cases, because it was the duty of every citizen to obey a call of that

description, and because it was a case also in which he was in some sense a party as a member of the commonwealth, supposed to be injured.   1 Greenl. Ev., sec. 311.

Costs are now given by statute, both in England and this country, but they are recoverable by law, only in those cases, State and civil, where they are allowed, and only in the manner and to the extent allowed by law.   After a diligent search through the body of our statute law, we have been unable to find any provision for the payment of witnesses summoned to appear and testify generally, before the grand jury, " in certain matters then and there to be enquired of."   The summons in this case, does not command the attendance of the witness at a term of the court, nor purport to be issued by, or under the authority of the court, nor to have been issued in behalf of the State, nor to testify for the State.   But waiving these irregularities, and assuming the summons to be regular in these respects, the important inquiry remains, whether witnesses before the grand jury are entitled to pay for attendance there, and if so, with what limitations.   The result of the inquiry is, that there is no provision of law for their pay, where they are summoned merely to testify in matters of enquiry before the grand jury: but that they are entitled to compensation where a bill is prepared and sent to the grand jury with the names of the witnesses summoned, sworn and sent, endorsed thereon.

Witnesses are not entitled in the first case, because there is no authority of law to summon and send them before the grand jury, upon mere matters of inquiry, a power which, if allowed, is capable of the grossest and most oppressive abuse, coupled with great temptations to abuse it.

The object sought, in sending the witness in this case, before the grand jury, was to enable that body to ascertain whether the witness knew of any violation of the criminal law, and if he did, to make a presentment of it to the court.

Properly, a presentment is the notice taken by a grand jury of any offence, from *their own knowledge or observation,* without any bill of indictment before them.   2 Inst., 739.   1 Chit. Cr. Law, 162.   1 Bish. Cr. Pro., 731.

In England, almost every offender brought before the court for trial, has in the first instance, been examined and committed or bailed, by a magistrate, in the ordinary way, having been brought before him by a police officer, on his own judgment, or on the complaint of some private individual; though cases do occur where an offence is presented by the grand jury, without preliminary notice, against an absent party, "a mode of proceeding," however, says Brown, "which is not commonly resorted to, nor expedient."   Com. Law, 991.   4 Bl., 301.   Cooly, 311.

The English practice, which thus requires a preliminary investigation, where the accused can confront the accusers and witnesses with testimony, and have counsel, is more consonant to justice and the principles of personal liberty.

The powers of the grand jury, therefore, should not be extended farther beyond these conservative and salutary principles, than is clearly warranted by public necessity and the most approved precedents.  A prosecuting officer has no right, of his own motion, or upon that of an officious, if not an intermeddling and malicious prosecutor, to send witnesses to the grand jury room, merely to be interrogated whether there has been any violation of the criminal law, within their knowledge. The law denounces such inquisitorial powers, which may be carried to the extent of penetrating every household, and exposing the domestic privacy of every family.   The repose of society as well as the nature of our free institutions, forbid such a dangerous mode of inquisition.   While the grand jury may thus proceed in prosecutions instituted by themselves, upon their own knowledge and observation, private individuals who may desire to prosecute offenders, have the right to in-

form the solicitor and have him to frame a bill of indictment against the accused, endorsing upon it the name of the prosecutor, as such, with such other witnesses as he may desire, and send the bill with the witnesses to the grand jury. The real prosecutor thus becomes responsible for the costs of a criminal action which he has instituted. As a general proposition, it is not advisable for the prosecuting officer to send a bill to the grand jury, without endorsing upon it the name of a prosecutor, except upon presentments, or when the parties have been bound over by committing magistrates, or where the solicitor is directed by statute to send bills for particular offences. In these latter cases the prosecutions must be assumed to have been instituted on good cause and from proper motives, as well as upon due deliberation.

The course of procedure hereinbefore indicated as the proper one, will have the effect of bringing to justice all notorious offenders and all others that society may deem worthy of prosecution, and at the same time protect the public against frivolous or malicious prosecutions, and the attendant costs.

It was stated on the argument that a serious accumulation of costs had accrued to some of the counties from the compensation allowed to witnesses summoned and sent before the grand jury upon matters of enquiry. The practice is unwarranted by law, and such witnesses are not entitled to pay for their attendance. So far as this and other practices equally objectionable are followed by solicitors, it will not be amiss to say this much. A solicitor is not a judicial officer. He cannot administer an oath. He cannot declare the law. He cannot instruct the grand jury in the law. That function belongs to the Judge alone. If the grand jury desire to be informed of the law or other of their duties, they must go into court and ask instructions from the bench.

So the solicitor has no business in the grand jury-room. He is not a component part of that body. It is true, the grand jury is a component part of the court, but it is an inde-

pendent and self-acting body, clothed with the very highest functions, and, as such, is responsible to the law and to society. None but witnesses have any business before them. No one can counsel them but the court. They do not communicate with the solicitor, but with the court, either directly or through an officer sworn for that purpose. They act upon their own knowledge or observation, in making presentments. They act upon bills sent from the court, with the witnesses. The examination of witnesses is conducted by them, without the advice or interference of others. Their findings must be their own, uninfluenced by the promptings or suggestions of others, *or the opportunity thereof.* We know there have been wide departures from the principles here announced, in this and, perhaps, in other judicial districts. It has become necessary, therefore, to review the ground, and recur to the earlier and more correct practice as it was established by those who have gone before us, and has been handed down by tradition and the recollection of the oldest members of the court.

Having decided who are not entitled to pay as witnesses, it only remains to ascertain who are entitled to pay. The right is derived from Bat. Rev., chap. 105, secs. 30, 34 and chap. 17, sub. secs. 343, which is but in affirmance of Rev. Code, chap. 28, sec. 9, and chap. 35, secs. 36 and 37. Bat. Rev., chap 105, sec. 30, provides that "the fees of witnesses, whether attending a term of the Superior Court or before a referee or clerk, shall be one dollar per day." Section 31 provides that "no witness summoned in a State case shall be allowed to prove attendance for more than one case for any one day," &c; and section 33 for proving attendance provides that "the certificate shall state the *case* in which, and the *party* by whom, the witness was summoned." The law to be extracted from these statutes seems to be this: Whenever the parties occupy the adversary relation of prosecutor and defendant, where a judgment for costs can be rendered against a defendant, as well as for him, there, in a court of record,

the witness is entitled to compensation. We think a just and liberal construction of the statutes will embrace both a "case" constituted by bill, before the grand jury, and a "case" constituted in court, upon indictment found.

There is error. The judgment is reversed, and upon the case agreed the action is dismissed.

PER CURIAM.                                    Action dismissed.