### UNITED STATES v. HEINZE.

(Circuit Court S. D. New York. January 22, 1910.)

**1. GRAND JURY (§ 34\*)—PROCEDURE—OFFICERS ENTITLED TO BE PRESENT DURING PROCEEDINGS—"OFFICER OF DEPARTMENT OF JUSTICE."**

An expert accountant, who is not an attorney at law, appointed by the Attorney General "a special assistant to" a United States attorney to assist in the investigation and prosecution of a particular case is not an "officer of the Department of Justice," within the meaning of Act June 30, 1906, c. 3935, 34 Stat. 816 (U. S. Comp. St. Supp. 1909, p. 48), and cannot

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be authorized by the Attorney General to conduct, or assist in conducting, proceedings before the grand jury in connection with such case, nor to be present in the room during the examination of witnesses, to aid the district attorney by suggestions.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. § 73; Dec. Dig. § 34.*]

2. INDICTMENT AND INFORMATION (§ 137*)—MOTION TO QUASH—GROUNDS.

The presence in a grand jury room, during an investigation of a case which results in an indictment, of a person not authorized by law to be there is ground for quashing the indictment.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 484; Dec. Dig. § 137.*]

Fritz Augustus Heinze was indicted for a criminal offense, and moves to quash the indictment. Motion sustained.

John B. Stanchfield, for the motion.
Henry A. Wise, U. S. Atty., opposed.

HOUGH, District Judge. This motion is based on numerous grounds, of which one only is to be considered in this memorandum; as to the rest, no opinion is expressed.

It appears from the affidavits filed and from admissions in open court that the United States attorney for this district desired, for the proper preparation and presentation of evidence in this prosecution, including proceedings before the grand jury, the assistance of an expert accountant. Owing to the nature of the case, such assistance was concededly both proper and necessary. The Attorney General was therefore requested to select Mr. John P. Fernsler for this purpose, and to employ him specifically therefor. Accordingly, on March 13, 1909, Mr. Fernsler was designated in the following language, contained in a letter signed by the Attorney General:

"You are hereby appointed a special assistant to the United States Attorney for the Southern District of New York to assist in the investigation and prosecution of the case of the United States v. Heinze. Under the provisions of the act of Congress approved June 30, 1906 (34 Stat. 816), you are authorized and directed to conduct grand jury proceedings in connection with the case mentioned above."

In pursuance of this designation, Mr. Fernsler, when this indictment was under consideration in the grand jury room, attended before that body, and took part in the proceedings to the extent of asking some technical questions of other expert accountants who were upon the witness stand, and throughout suggested, if he did not direct, the method of examining expert witnesses thought to be allied with defendant. No suggestion of personal misconduct or indecorous behavior is made against Mr. Fernsler, nor is it shown or suggested that any injury has been done to defendant by Mr. Fernsler's presence, unless it be the suspicion that it is to Mr. Fernsler's skill in reading and interpreting books of account that this indictment is largely due; this, however, can certainly not be regarded as a legal injury to defendant, if the method be otherwise lawful.

If there be a settled method of conducting the deliberations of grand jurors, established by generations of procedure, based on the experience of many courts in many communities, and evidenced by the deci-

sions of authoritative tribunals, such method must be followed until the Legislature sees fit to overturn the old rule.

It has never to my knowledge been denied or doubted that the rule of the common law is that a grand jury, while deliberating upon an indictment or presentment, shall listen to witnesses who give testimony, and to no one else except the authorized law officers of the crown or the commonwealth. The English practice of permitting the presence of the prosecutor in the grand jury room is an apparent, but not a real, exception, for it is still true that the majority of prosecutions in England are private; the expense thereof being borne by the complainant, and the crown taking no part therein unless and until authority therefor be granted by the proper departmental officer. So, too, the instances of bailiffs, clerks, and stenographers are not exceptions to this rule. These useful persons are necessary or convenient in the same way as is a piece of furniture, but if it were made to appear that such persons, having obtained audience of the grand jurors, under the excuse of their occupation, sought to influence the result of their deliberations or to participate therein, the rule would be infringed.

So far as this court is concerned, little time need be spent in collating authorities to show what the rule is. It has been done too recently by Thomas, J., in United States v. Rosenthal (C. C.) 121 Fed. 862. This decision has been considered in United States v. Cobban (C. C.) 127 Fed. 713, and the last-cited case was followed in United States v. Twining (D. C.) 132 Fed. 129. The Cobban and Twining Cases did not approve of the Rosenthal decision in its entirety, though it is only in the earlier of the two decisions that the matter is reasoned. In United States v. Virginia-Carolina Chemical Co. (C. C.) 163 Fed. 66, the point is gone into thoroughly, with some interesting comments upon the Cobban decision, and the Rosenthal Case fully adhered to. Even if this court were now inclined to depart from Judge Thomas's decision, it would be most improper to do so until the matter had been presented to and decided by a higher tribunal.

This matter then starts with the admission that if it were not for the act of June 30, 1906 (Act June 30, 1906, c. 3935, 34 Stat. 816 [U. S. Comp. St. Supp. 1909, p. 48]), the presence of Mr. Fernsler in the jury room under the circumstances above stated would require that the indictment be quashed.

The prosecution therefore urges: (1) That Mr. Fernsler is an "officer of the Department of Justice," and therefore entitled virtute officii, as well as by the express terms of his appointment, to participate in and conduct grand jury proceedings, so that he was far within his authority and right in merely assisting the United States attorney in charge. (2) That even if Mr. Fernsler had received no appointment from the Attorney General, he might under the circumstances of this case attend in the grand jury room as a de facto assistant to the United States attorney, and aid him in those technical matters whereof Mr. Fernsler's knowledge is admittedly useful and extensive. (3) That, in the absence of any showing of actual prejudice or injury to the defendant by reason of Mr. Fernsler's presence, the motion

should be denied, as raising one of those minor matters concerning which the law does not take notice.

It seems unnecessary to consider at any great length the first contention. The statutes were thoroughly reviewed in the Rosenthal Case. They have not been changed so as to affect the point under discussion by the act of June 30, 1906, and under those statutes Mr. Fernsler is not an officer of the Department of Justice; he is but an employé of the Department of Justice. The distinction between these two titles is sometimes not easy to draw, but under the legislation affecting this department the question is not a difficult one. It need only be pointed out that Mr. Fernsler's tenure of office is the will of the Attorney General, his compensation is nominal, and his connection with the department limited to a single litigation. To say that the word "officer" in the sense of the statutes, or in any sense at all, can be applied to him needs but to be said to be denied. Again, Mr. Fernsler is not an attorney at law; he does not pretend to be a qualified practitioner in any court, and it is in my judgment entirely clear that the intent of the act of 1906 was plainly not to authorize the introduction into the grand jury room of previously unauthorized laymen, but to enlarge the number of officeholding lawyers who might attend before the jury to render assistance in matters of law alone.

The necessary result of the government's position is that it is now within the power of the Attorney General to appoint a class of "special assistants to district attorneys" (not special assistant district attorneys), who may be accountants, doctors, chemists, engineers, etc., and, having severally authorized them to conduct grand jury proceedings, may put them in charge of such cases as would be benefited by special technical education. This may be a good system, but it has not been adopted by law, and the fact that Mr. Fernsler did not conduct in their entirety the proceedings in this case does not change the fact that, if his appointment be construed as the government does construe it, he might have done so.

As to the second proposition advanced by the prosecution, no authority is produced for it. The commonwealth may call expert witnesses as well as fact witnesses, but it has never before been urged that counsel is entitled to have at his elbow in a grand jury room an expert assistant. He is not entitled to it before a petit jury, though the practice is common by permission of the court; but no court has, or ought to have, the same dispensing power in grand jury proceedings that it possesses and daily exercises in the conduct of civil causes at common law.

The third proposition was treated at great length in the Rosenthal Case, and need not now be enlarged on. Instances might be multiplied wherein a violation of law cannot be seen to have produced any present injury to any one. That is a good reason for refusal to punish or refusal to prosecute, but it is no reason for justifying illegality. As was well remarked by Thomas, J.:

"The inconvenience of resubmitting the matter to the grand jury is temporary; the injustice of denying the defendant investigation pursuant to the law of the land would be perpetual."

An excused or pardoned illegality is frequently unimportant, but a justified illegality, however trivial in itself, is of the highest importance.

It need only be added that no reason is seen for departing from the general view of grand jury procedure expressed in the cases of Farrington (D. C.) 5 Fed. 343, and Edgerton (D. C.) 80 Fed. 374.

The motion to quash is granted.