UNITED STATES v. PHILADELPHIA & R. RY. CO.  (three cases).

(District Court, E. D. Pennsylvania.  March 12, 1915.)

Nos. 45–47.

1. ATTORNEY GENERAL ⬤2—ASSISTANTS—GRAND JURY PROCEEDINGS—"ATTORNEY OR COUNSELOR."

One who has been admitted as a member of a county bar, but who is not a member of the bar of the Supreme Court of the state or of the United States, is an "attorney or counselor," who may be directed by the Attorney General to conduct grand jury proceedings, under Act June 30, 1906, c. 3935, 34 Stat. 816 (Comp. St. 1913, § 534).

[Ed. Note.—For other cases, see Attorney General, Cent. Dig. § 2; Dec. Dig. ⬤2.]

2. GRAND JURY ⬤39—PRESENCE OF STENOGRAPHER—SPECIAL ATTORNEY.

Act June 30, 1906, providing that any attorney or counselor, specially appointed by the Attorney General under the provisions of law, when thereunto specifically directed by the Attorney General, may conduct grand jury proceedings, does not authorize the appointment of an attorney, who was not intended to conduct the proceedings, but whose sole duty was to report stenographically the testimony of witnesses before the grand jury, and the presence of such person in the grand jury room during the taking of testimony is ground for quashing the indictment.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. § 82; Dec. Dig. ⬤39.]

The Philadelphia & Reading Railway Company was indicted in three cases for a violation of the Interstate Commerce Act, and it moves to quash the indictments.  Motion granted.

Francis Fisher Kane, U. S. Atty., of Philadelphia, Pa.
Wm. Clarke Mason, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge.  The reason assigned why the bill of indictment in each of the above-entitled cases should be quashed is as follows:

"(1) Because at the sitting of the said grand jury, and while they were considering the said complaints recited in the indictment, and while they were hearing testimony concerning the same, there was present in the said grand jury room, and within the hearing of what transpired and listening to what was said, with the consent of the district attorney, a person who was not a district attorney representing the United States of America, nor a witness

in the said cause, nor was such person authorized by law to be in the said grand jury room at the said time."

The name of the person who, it is alleged, was unlawfully present in case No. 47 is William M. Clift, and the name of such person in cases Nos. 45 and 46 is Arthur Head.

The following facts appear by the answers to the motions and the testimony of Mr. Clift and Mr. Head:

Mr. Head was present in the grand jury room while the evidence was being heard upon which indictments Nos. 45 and 46 were based, and Mr. Clift was present while the evidence was being heard upon which indictment No. 47 was based. Neither was present during the deliberations of the grand jury. Mr. Head is a member of the bar of Bradford county, Pa., and Mr. Clift is a member of the bar of Montgomery county, Pa. Mr. Clift and Mr. Head were each appointed special assistants to the United States attorney for the Eastern district of Pennsylvania by telegram from the Attorney General in similar form, that appointing Mr. Head being as follows:

Department of Justice.

Telegram.

G. C. T.                                         Washington, January 4, 1915.
Arthur Head, Care United States Attorney, Philadelphia, Penna.:

You are hereby appointed a special assistant to the United States attorney for the Eastern district of Pennsylvania to assist in investigation and prosecution of alleged violation of act to regulate commerce, as amended, by Philadelphia and Reading Railway Company and others, and are authorized and directed to conduct grand jury proceedings in Eastern district Pennsylvania in connection with such investigation. Compensation to be determined. Execute and forward oath.                                         Gregory.

Mr. Head was admitted to the bar of Bradford county in 1877, and has never been admitted to practice in the Supreme Court of Pennsylvania, nor the Supreme Court of the United States, and is not engaged in active practice as a lawyer. Mr. Clift is official stenographer of court of common pleas No. 2 of Philadelphia county, was admitted to the bar of Montgomery county in 1882, and has never been admitted to practice in the Supreme Court of Pennsylvania or of the United States. He is not in active practice, and has not been for a great many years.

Neither Mr. Clift nor Mr. Head consulted with the Attorney General or the district attorney, nor with any one else concerning the pending indictments against the defendant, nor concerning alleged violations of the Interstate Commerce Acts, nor concerning the preparation of the case. Both of these gentlemen were in fact employed as stenographers, and were present in the grand jury room solely for the purpose of taking stenographic notes of the testimony of the witnesses. That was what was done by them, and it was not intended that anything else should be done by them while in the grand jury room, and neither participated in any way whatsoever in the conduct of the proceedings or in the examination of the witnesses. The testimony taken by Mr. Clift was afterwards transcribed by two women in his office.

The appointment by the Attorney General was apparently under the provisions of section 363, Comp. Stat., and the direction to conduct

grand jury proceedings was under authority of the Act of June 30, 1906, 34 St. at L. 816, which provides as follows:

"That the Attorney General, or any other officer of the Department of Justice, or any attorney or counselor specially appointed by the Attorney General under any provision of law (section 363 Comp. Statutes), may, when thereunto specifically directed by the Attorney General, conduct any kind of legal proceeding, civil and criminal, including grand jury proceedings and proceedings before committing magistrates, which district attorneys now are or hereafter may be by law authorized to conduct, whether or not he or they be residents of the district in which such proceeding is brought."

[1] The matter of appointment of special assistants to the district attorney is entirely within the discretion of the Attorney General, and Mr. Clift and Mr. Head both come within the term "attorney or counselor." The fact that neither has been admitted or is qualified to be admitted as a member of the bar of this court, not being a member of the bar of the Supreme Court of the state or of the United States, is not, in my opinion, a valid objection to their being appointed to conduct legal proceedings before the grand jury. Congress appears to have authorized attorneys for the government to appear in proceedings in the United States courts, whether members of the bar of such courts or not. If, therefore, Mr. Clift or Mr. Head had conducted the proceedings before the grand jury, or had been present in the grand jury room for the actual purpose of conducting the proceedings, their presence could not be questioned upon the present motion.

[2] It is apparent, however, that they were not appointed to conduct the grand jury proceedings and that any thought of either of them conducting the proceedings or taking any part in the examination of witnesses or presentation of evidence was not present in the mind of any officer of the government, nor of themselves. Their presence in the grand jury room was solely in the capacity of stenographers, and for the purpose of doing what they did, namely, taking down stenographically the questions and answers of the witnesses.

It is urged by the district attorney that, as special assistants to the district attorney, Mr. Head and Mr. Clift, having been appointed under section 363 of the Revised Statutes, which is apparently the provision of law referred to in the language, "any attorney or counselor specially appointed by the Attorney General under any provision of law," were entitled to go before the grand jury in the same manner as a regular assistant district attorney. There is no doubt that, under section 363, the Attorney General may employ attorneys or counselors at law to assist the district attorneys in the discharge of their duties; but the provisions authorizing such special assistants to go before the grand jury is contained in the act of June 30, 1906, and requires under that act a specific direction of the Attorney General to conduct grand jury proceedings.

The question presented, then, is whether, under the guise of appointment of attorneys to conduct proceedings before the grand jury, professional stenographers, who, as in this case, have been admitted to a county bar, may lawfully be present in a grand jury room for the sole purpose of taking stenographic notes of the testimony. While there have been decisions to the contrary in other circuits, I know of no deci-

sion in this circuit contrary to the rule stated in the case of United States v. Edgerton (D. C.) 80 Fed. 374, where the court said:

"It is beyond question that no person, other than a witness undergoing examination, and the attorney for the government, can be present during the sessions of the grand jury. The rule is inherent in the grand jury system with all the force of a statutory enactment. The cases where bailiffs and room are only apparent exceptions. The rule, in its spirit and purpose, admits stenographers have on occasions been temporarily present in the grand jury room are only apparent exceptions. The rule, in its spirit and purpose, admits of no exception. * * * If the presence of an unauthorized person in the grand jury room may be excused, who will set bounds to the abuse to follow such a breach of the safeguards which surround the grand jury?"

The act of 1906 was apparently passed to meet the situation arising in cases like United States v. Rosenthal (C. C.) 121 Fed. 869, where it was held that the presence of Mr. Wickham Smith, a distinguished customs lawyer of New York, as special assistant to the Attorney General, was without authority of law, and the indictments were quashed for the reason that they were based upon proceedings conducted by him before the grand jury.

In the case of United States v. Heinze (C. C.) 177 Fed. 770, the indictments were quashed upon the ground of the presence of an employé of the Department of Justice, who was engaged in the investigation of the case in question. He was not an attorney at law. In holding that the Attorney General's special direction to him as an officer of the Department of Justice under the act of 1906 was unauthorized, inasmuch as it was apparent that he was merely an employé of the Department, Judge Hough said:

"It is in my judgment entirely clear that the intent of the act of 1906 was plainly not to authorize the introduction into the grand jury room of previously unauthorized laymen, but to enlarge the number of officeholding lawyers who might attend before the jury to render assistance *in matters of law alone.*"

In the recent case of United States v. Rubin (D. C.) 218 Fed. 245, Judge Thomas held that the presence of a stenographer in the grand jury room was sufficient ground for quashing the indictment. In that case the stenographer was not an attorney at law, as in the present case, specially appointed by the Attorney General under any provision of law. The presence of stenographers in the grand jury room, as suggested by Judge Sessions in the recent case of United States v. William Rockefeller and Others, 221 Fed. 462, has been supported to some extent. The grounds upon which it is in part justified by Judge Sessions is not persuasive to my mind. The learned judge says:

"It seems to me that, if the testimony given before the grand jury may not, under any circumstances or conditions, be made a matter of record and reference, we are opening the door very wide, and inviting not only perjured and incompetent testimony, but even gossip and conjecture, before the grand jury. The proceedings there are not in strict accord with the proceedings in the trial of a case, and, if no safeguards are provided, many witnesses may be influenced or persuaded or induced to indulge in statements and accusations which ought not to be permitted or tolerated."

If a record is to be kept of the proceedings before the grand jury upon those grounds, it should be equally open to the defendant and to the government. While the presence of a stenographer is no doubt

a material aid and convenience to the prosecuting officer, in order that he may have before him a record of what was said by the witnesses to assist in the preparation of his case, it is very apparent that if stenographers are to be admitted, and, as in the present case of Mr. Clift, the testimony is to be transcribed by outsiders, the traditional secrecy of the proceedings is invaded, without regard to necessity, such as arose in United States v. Farrington (D. C.) 5 Fed. 343.

The appointment of a stenographer to take testimony under the guise of an assistant district attorney to conduct proceedings is not without precedent in this district. The wisdom of permitting the testimony to be transcribed and to go into the possession of persons outside of the office of the district attorney may be seriously questioned, as instanced during an investigation within a few years in this district, where the statements of witnesses before the grand jury, having been taken down stenographically, were repeated by an officer of the government, who had not been present in the grand jury room, but into whose possession they had come, at a public banquet. I am not aware, however, of any decision justifying the practice in this circuit, and, as was stated by Judge Hough in the Heinze Case:

"An excused or pardoned illegality is frequently unimportant, but a justified illegality, however trivial in itself, is of the highest importance."

If the presence of a stenographer within the grand jury room for the purpose of taking testimony is improper, can his presence there be justified by the device of having him admitted for that purpose under the guise of an attorney to conduct the proceedings? It is apparent that there was no such intention on the part of Congress, and this court is not willing to put a construction on the act of 1906 overruling the established procedure before grand juries, unless moved to do so by the authority of a decision of a higher court.

As to the presence of Mr. Elder in the grand jury room, his appointment was apparently within the provisions of the act of 1906, and affords no reason, in my opinion, in support of the defendant's motion.

For the reasons based upon the presence of Mr. Clift and Mr. Head in the grand jury room, the motions to quash are granted.