### MOE v. STEARNS et al.

(District Court, E. D. Washington, N. D.   March 31, 1923.)

No. 4231.

Courts ⊕⇒274—Transactions held to show "doing business" within state and district, and subject to action based on service on president.

A Montana corporation, organized for acquiring and disposing of lands and leases on lands believed to be valuable for the deposits of oil and gas, etc., which maintained an office in Spokane, where it sold stock, contracted for leases of property, and purchased machinery, held to be "doing business" within the state of Washington and the Eastern district of Washington and the state court and federal District Court had jurisdiction of an action based on service on the president of the corporation in Spokane.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by J. E. Moe against William G. Stearns and another. On motion by defendants, after removal from state court, attacking jurisdiction of the court. Motion denied.

R. L. Edmiston, of Spokane, Wash., for plaintiff.

Joseph J. Lavin, of Spokane, Wash., for defendants.

NETERER, District Judge. Plaintiff, a resident of Washington, brought a suit in the state court against the defendants William G. Stearns and the Reliance Oil Corporation. The cause was removed from the state court on the ground of diversity of citizenship. By special appearance in this court the defendants challenge the court's jurisdiction on the ground that the corporation is a foreign corporation, each a citizen of Montana. The defendant Stearns is president of the corporation. Service was had upon the defendant personally, and the corporation by service on Stearns, the president, in Spokane, within the district.

It is conceded that the defendant corporation was maintaining an office in the city of Spokane. The defendants allege that:

"The principal and immediate purposes for which the corporation was formed were those of acquiring and disposing of lands and leases upon lands believed to be valuable for deposits of oil and gas beneath the surface thereof, of developing or securing the development thereof, by drilling operations, and of marketing the products thereof, if, as, and when obtained."

And it is asserted that the only business transacted in the state was selling some of its stock incidental to the accomplishment of its purposes and object of organization, but that the right to sell its own stock as a purpose of its organization was not one of the powers sought nor granted in its incorporation. It is established that the secretary and treasurer of the corporation is a resident of Spokane, that an office duly equipped and furnished is maintained in the city of Spokane, that the defendant Stearns devoted at least a portion of his time to the office at Spokane, that leases of property were contracted for and obtained in the office at Spokane, that the office of the defendant company was registered in the city directory, that an automobile was purchased in the state of Washington and used in connection with the office at Spokane, as a convenience to the transaction of the business at Spokane, and that an oil drilling apparatus was purchased in the state of Washington from the office of the defendant for use in Montana. I think it is also apparent from the record that the defendant Stearns maintained a habitat in Spokane, and that his presence in the district upon the occasion of service was not merely of a temporary nature.

It does not appear that the defendant is maintaining an office in the state of Montana, except as is necessary under the laws of the state, nor does it appear that the principal business, or any business, of the defendant company is transacted at the office in the state of Montana. The only record challenged to the court's attention of the transaction of business by the defendant company is transacted from the office in Spokane. All of these transactions, taken together, would

appear to amount to doing business within the state and district, in such a manner as to make the defendant corporation amenable to the process within the district. International Harvester Co. v. Kentucky, 234 U. S. 579, 34 Sup. Ct. 944, 58 L. Ed. 1479.

The motion is denied.