81 F.Supp. 288 (1948)
UNITED STATES
v.
POWELL et al.
No. 2728.
United States District Court E. D. Missouri, S. E. D.
November 10, 1948.
*289 Drake Watson, U.S. Atty., of New London, Mo., and David M. Robinson, Asst. U.S. Atty., of St. Louis, Mo., for plaintiff.
James A. Finch, of Cape Girardeau, Mo., and Harry C. Blanton, of Sikeston, Mo., for defendants.
HULEN, District Judge.
Defendants stand indicted under Section 51, Title 18, United States Code Annotated,[1] for violation of election laws in connection with the Primary held in Scott County, Missouri, in 1946. Motion to dismiss, on the ground of "presence of unauthorized person" in the grand jury room, is now before the Court.
On hearing on the motion defendants offered evidence that Lafayette E. Broome, a Special Assistant to the Attorney General, participated in examination of witnesses in connection with the charge contained in the indictment. The issue narrows to a question whether Lafayette E. Broome exceeded his authority. In accordance with Title 5, U.S.C.A. § 310, the Attorney General of the United States appointed Lafayette E. Broome Special Assistant to appear before the grand jury in the Eastern District of Missouri by letter dated January 6, 1948. This letter was filed with the Clerk of this Court together with his oath of office. Pertinent parts of the Attorney General's letter, including the portion upon which the motion to dismiss is based, appear in footnote.[2] Defendants urge failure of the letter to mention the Primary Election of 1946 and the law under which defendants were indicted renders the indictment invalid.
To support their position defendants cite the case of United States v. Cohen, D.C., 273 F. 620, where an information was held bad because a Special Assistant to the Attorney General was authorized to appear before a grand jury but was without authority to file a criminal information; the case of United States v. Huston, D.C., 28 F.2d 451, where a Special Assistant to the Attorney General was authorized to conduct investigations before a grand jury "in the Western District of Missouri" or any other judicial district wherein the jurisdiction lies, and a second commission included "the districts of Minnesota," it was held that the commission did not authorize the Special Assistant to the Attorney General to appear before a grand jury in Ohio; the *290 case of United States v. Philadelphia & R. R. Co., D.C., 221 F. 683, which held that a stenographer (decided prior to present law) did not come within the description of a Special Assistant to the Attorney General; and the cases of Latham v. United States, 5 Cir., 226 F. 420, L.R.A. 1916 D, 1118, and United States v. Heinze, C.C.N.Y., 177 F. 770, involving like questions, the unauthorized person in the latter case being an accountant and in the Latham case a clerk. As we view the question these cases do not help much. The point here is confined to a more narrow inquiry.
The case of United States v. Huston, supra [28 F.2d 456], a district court opinion, is perhaps the defendants' best authority. The Court undertook to lay down a rule to be followed by the Attorney General in commissioning Special Assistants, namely, that the commission should "designate at least one supposed offender, with unnamed associates, if any, and a reference to the criminal statutes supposed to have been violated," and the commission should be directed to the district wherein the Assistant was to take part in the grand jury proceedings. We do not think such strict conformity to the statute has the approval of the higher courts. We pass authorities cited by defendants which were decided prior to the statute which authorized the appointment of Special Assistants to the Attorney General and their presence in grand jury rooms. The cases of United States v. Martins, D.C., 288 F. 991, and United States v. Amazon Industrial Chemical Corp., D.C., 55 F.2d 254, cited by defendants, we will presently refer to.
On the record before us Mr. Broome was authorized to appear before the grand jury which returned the indictment against the defendants. His commission referred to a General Election, not to a Primary Election, and to a law covering General Elections. Indictments by the grand jury growing out of the Primary Election of 1946 and for violation of the law referred to in the commission were returned by the grand jury. Is the indictment in this case bad because Mr. Broome remained or was in the grand jury room when witnesses were being examined regarding an offense other than that specifically set out in his commission? Was the Primary preceding and to choose candidates for the General Election, and the election fraud charged in the indictment of altering ballots, so foreign to the authority contained in the commission as to render Mr. Broome's presence in the grand jury room without authority and void its proceedings?
At the outset we observe that the statute, 5 U.S.C.A. § 310, is no part of the Criminal Code but appears in the Code under "Executive Departments," even after the Criminal Code was revised effective September 1, 1948. Its title at time of enactment reads:
"CHAP. 3935.  An Act To authorize the commencement and conduct of legal proceedings under the direction of the Attorney-General." 34 Stat. 816.
In the case of United States v. Amazon Industrial Chemical Corp., supra [55 F.2d 256], in commenting on the holding of some courts that "have been inclined to insist upon a rather full and specific designation of the offense, and of the statute alleged to have been violated" in the commission, the Court made this comment:
"* * at most, the appointment now in controversy is merely a variance from an established practice of which a defendant himself has no right to complain."
The new Rules of Criminal Procedure, Rule 6, sub-paragraph (d), 18 U.S.C.A., provides:
"Who May be Present [before the grand jury]. Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting."
We believe the most authoritative case is Shushan v. United States, 5 Cir., 117 F.2d 110, 133 A.L.R. 1040. This case went to the Supreme Court on application for certiorari and again for rehearing. 313 U.S. 574, 61 S.Ct. 1085, 85 L.Ed. 1531 and 314 U.S. 706, 62 S.Ct. 53, 86 L.Ed. 564. *291 In the Shushan case the Court said [117 F.2d 113]:
"Each commission appoints the person named a special assistant to the Attorney General and specifically directs him to conduct in the Eastern District of Louisiana proceedings in which the United States are interested, `including grand jury proceedings.' In some of them there is express mention of violations in the said district of 18 U.S.C.A. § 338 [1948 Criminal Code, 18 U.S.C.A. § 1341] * * *".
This case is authority for the proposition that the words in Section 310, "When thereunto specifically directed by the Attorney General (to) conduct any kind of legal proceeding," are mainly for the protection of the United States. The case of United States v. Amazon Industrial Chemical Corp., supra, cited by defendants, holds it is not necessary that the commission name the statute, violations of which are to be the subject of investigation. It would be an anomalous ruling to hold Section 310 renders an indictment bad because returned by a grand jury in which the Special Assistant to the Attorney General's commission specified a statute other than one under which the indictment was returned, when it has been held the naming of the wrong statute in an indictment does not render the charge defective. Williams v. United States, 168 U.S. 382, 18 S.Ct. 92, 42 L.Ed. 509. The case of United States v. Martins, 1923, supra [288 F. 992], cited by defendants, seems to be in line with later authorities. It holds that to require the assistant be designated by the Attorney General to act in each particular case is "unnecessarily narrow and technical." The Court said:
"* * * the statute should be given the meaning which is the more helpful and practical in the dispatch of the government's business, especially as this meaning has been placed upon it by the Department concerned."
We recognize the law that the presence of unauthorized persons in the grand jury room results in a presumption of prejudice to the defendant, but the case now before the Court is admittedly one where the party in question was lawfully in the grand jury room. The sole question is whether or not he exceeded his authority and became an unauthorized person by remaining in the grand jury room or going in and taking part in an investigation of a Primary Election instead of restricting his activities solely to the General Election following the Primary Election. There is no claim by defendants that either of them suffered harm by the presence of the Special Assistant to the Attorney General  other than reliance on the presumption.
It is our opinion the weight of authority calls for a reasonable interpretation of Section 310, that the Special Assistant to the Attorney General did not exceed his authority in taking part in investigating frauds connected with the Primary Election which selected candidates for the General Election named in his commission, that his authority extended to investigation of election frauds in connection with the 1946 General Election and that fraud in a Primary to select candidates for such General Election is not so far removed as to be an abuse of authority or complete deviation from authority, nor is the fact the indictment was returned under a statute other than the statute named in the commission grounds for dismissing the indictment.
Motion of defendants to dismiss the indictment is overruled.
NOTES
[1] 1948 Criminal Code, 18 U.S.C.A. § 241.
[2] "As an attorney and counselor at law, you are hereby specially retained and appointed as a Special Assistant to the Attorney General of the United States, under the authority of the Department of Justice, to assist in the trial of the case or cases growing out of the transactions hereinafter mentioned in which the Government is interested; and in that connection you are specifically directed to file criminal informations and to conduct in the Eastern District of Missouri, and in any other judicial district or districts where the jurisdiction thereof lies, any kind of legal proceeding, civil or criminal, including grand jury proceedings and proceedings before committing magistrates, which District Attorneys are authorized by law to conduct, in connection with alleged irregularities in the General Election in the First, Tenth, Eleventh, Twelfth, and Thirteenth Congressional Districts of Missouri on November 5, 1946.

"The Department is informed that various persons to the Department unknown may have violated in the Eastern District of Missouri, and in other judicial districts of the United States, Section 250 of Title 2 of the United States Code Annotated [1948 Criminal Code, 18 U.S. C.A. § 597] by unlawfully making or offering to make or causing expenditures to be made or offered to influence voting and unlawfully soliciting, accepting and receiving expenditures in consideration of a vote or the withholding of a vote; and Sections 51 and 52 of Title 18 of the United States Code Annotated [1948 Criminal Code, 18 U.S.C.A. §§ 241, 242] by conspiring to injure persons in the exercise of civil rights and depriving citizens of civil rights under color of state laws, and have violated other criminal laws of the United States and have conspired to commit such offenses in violation of Section 88 of Title 18 of the United States Code Annotated [1948 Criminal Code, 18 U.S.C.A. § 371]."