**UNITED STATES v. MANGIARACINA.**

No. 17780.

United States District. Court
W. D. Missouri.

Aug. 2, 1950.

Sam M. Wear, U. S. Atty., Kansas City, Mo., John H. Mitchell, Max H. Goldschein, and Vincent P. Russo, Sp. Assts. to the Atty. Gen., for the United States.

James Daleo, Kansas City, Mo., and James J. Waters, Washington, D. C., for defendant.

REEVES, Chief Judge.

The motion to dismiss is in two parts. First, it is very comprehensive in asking for the dismissal of all of the counts in the indictment on the grounds:

"(a) That the defendant was required by a subpoena to appear before the Grand Jury as a witness; * * * was examined and required to testify to matters and things relating to and material to the charge made in the indictment against him, * * *."

"(b) In the alternative, '* * * averments of the motion are directed against Count I of the indictment on the ground that' * * * it fails to state sufficient facts to constitute a violation of Section 145(b), 26 U.S.C.A. Internal Revenue Code."

In the first part of the motion counsel rely. upon Camarota v. United States, 3 Cir., 111 F.2d 243; United States v. Edgerton, D.C., 80 F. 374, as well as Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110. On the second part of the motion reliance is had on the language of paragraph (a) of the statute and cited decisions of the Supreme Court. All will be considered.

In their brief supporting the motion to dismiss counsel employ this language concerning defendant's appearance before the grand jury: "He was interrogated about numerous matters which appeared to involve other persons, but not himself. The defendant answered the questions put to him. He claimed no privilege not to testify."

■ 1. The law is clear in its application to facts as above stated. In United States v. Benjamin, 120 F.2d 521, 522, the Court of Appeals for the Second Circuit, by Judge August N. Hand, announced applicable principles in similar situations. Said Judge Hand: "It is to be remembered that the appellant had not the constitutional privilege to refuse to testify which belongs to a defendant on trial. *He was subject to call as a witness and only had the right of any witness to decline to give answers when interrogated which might tend to incriminate him.* (Emphasis mine.)

O'Connell v. United States, 2 Cir., 40 F. 2d 201, 205; Mulloney v. United States, 1 Cir., 79 F.2d 566. As Professor Wigmore has said, the privilege is 'an option of refusal and not a prohibition of inquiry'. Wigmore Evidence 2d Ed., § 2268."

In O'Connell v. United States, 2 Cir., 40 F.2d 201, loc. cit. 205, the Court of Appeals, Second Circuit, through Judge Swan, said: "The final contention of the appellant is that, regardless of the details of his examination, it was a violation of his rights under the Fifth Amendment to require him to be sworn and examined before the grand jury, because its investigation, though ostensibly general, was in reality an attempt to secure from his own mouth evidence upon which to indict him."

While the court said: "Some judicial support may be found for such a view," yet "it has not prevailed generally. United States v. Price, C.C.S.D.N.Y., 163 F. 904; United States v. Kimball, C.C.S.D.N.Y., 117 F. 156; * * *."

The court then quoted from Wigmore on Evidence as hereinbefore set out, in excerpt from United States v. Benjamin, supra, and then used this significant language: "Were it otherwise, any suspect would be sacrosanct, and witnesses most likely to know the facts could refuse any aid to an investigation of the crime. *The mere summoning of a witness before the grand jury gives no basis for the assumption that his constitutional privilege will be impaired. His duty is to answer frankly until some question is propounded, the answer to which might tend to self-incrimination.*" (Emphasis mine.)

Obviously there was no violation of the Fifth Amendment in the examination of the defendant before the grand jury. See also Memorandum and Order of one of my associates, Honorable Albert A. Ridge, in case No. 17803, entitled United States v. Hoelzel, dated July 24, 1950.[1]

The case of Counselman v. Hitchcock, 142 U.S. 547, 12 S.Ct. 195, 35 L.Ed. 1110, does not aid the defendant. In that case the witness was punished for contempt by the trial court or the judge calling the grand jury. The trial judge had issued an order upon the witness to answer questions, after being apprized of his refusal on the ground that his answers would tend to incriminate him. The Supreme Court, on an application for a writ of habeas corpus, upheld the witness by stating that it was obvious that the answer would tend to incriminate him.

The case of Camarota v. United States, 3 Cir., 111 F.2d 243, in like manner, does not support the contention of the defendant. It was there held that a witness before a grand jury may claim privilege of silence only if the court finds there is reasonable ground to apprehend that direct answer to a question may place him in a real and substantial danger of incrimination. The case of United States v. Edgerton, supra, has never been followed.

By statement of facts here, no question was asked of the defendant which would tend to have the direct and immediate effect of incriminating him, but, even so, his remedy was to stand on the Fifth Amendment and not now to move for the dismissal of the indictment.

■ 2. The second part of the motion challenges Count I of the indictment. It is to be noted that the indictment, while it uses the language of paragraph (a) of said section 145, yet it is sufficient under paragraph (b). Count I, among other averments, contains the following: " * * the said John Mangiaracina, * *. * on or about the 15th day of March, 1947, in the Western District of Missouri, and within the jurisdiction of this Court, did willfully and knowingly attempt to evade and defeat the said income tax owing by him to the United States of America for the said calendar year 1946, by failing to make such income tax-return to the said Collector of Internal Revenue, * * * and by failing to pay to said Collector of Internal Revenue, * * * said income tax and by concealing and attempting to conceal from all proper officers of the United States of America his true and correct gross and net income for said calendar year of 1946."

---

1. No opinion for publication.

Some of the language followed that of paragraph (b), Section 145, Title 26 U.S. C.A., and should be deemed sufficient. Paragraph (b) of the statute forbids that any person shall fail to "pay over any tax imposed by this chapter."

Moreover, Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., specifically provides that: "Error in the citation (of the statute) or its omission shall not be ground for dismissal of the indictment * * * or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

Count I of the indictment appears to have been drawn more particularly under paragraph (a) of said Section 145, supra, and certainly defendant's counsel have not been mislead, as they have by their motion called attention to the error in citation, if it be an error.

The motion to dismiss should be and will be overruled.