STATE OF NEW JERSEY, PLAINTIFF, v. BERNARD J. MANNEY, DEFENDANT.

Passaic County Court
Law Division

Decided November 30, 1956.

Mr. *Samuel Doan* argued the cause for the defendant (*Mr. Charles C. Stalter,* attorney).

Mr. *Nicholas Martini* argued the cause on behalf of the grand jurors.

Mr. *Archibald Kreiger* argued the cause for the State of New Jersey (*Mr. Charles S. Joelson,* Deputy Attorney-General and Acting Prosecutor of Passaic County).

HINCHLIFFE, J. C. C.  This is a motion by the defendant to dismiss Indictments Nos. 156–55, 159–55 and 160–55 on the grounds that they are deficient, that during the deliberations of the grand jury which returned the indictments an unauthorized person was present, and that the indictments were found and returned as a result of malice, bias, passion and prejudice.

*R. R.* 3:3–6 provides:

"Grand Jury, Who May Be Present

The prosecuting attorney, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer may be present while the grand jury is in session, *but no person other than the jurors, and the prosecuting attorney may be present while the grand jury is deliberating or voting.* Upon request of the grand jury, the prosecuting attorney shall leave the jury room. The clerk shall, when requested by the grand jury, attend its sessions, *but shall not attend its deliberative sessions."* (Emphasis supplied.)

The original *Rule* 2:4–5, effective September 15, 1948, consisted of two paragraphs: paragraph (b) of that rule was deleted on November 10, 1949. Paragraph (a) of that rule was amended on September 9, 1953 to provide that the clerk of the grand jury does not have a right to attend the sessions of the grand jury as he formerly did, but the amendment provides that the grand jury may request the clerk to attend its sessions but he cannot attend the deliberative sessions. 1 *N. J. Practice* 421—*Author's Comment to R. R.* 3:3–6.

This rule is patterned after *Rule* 6(*d*) of the *Federal Rules of Criminal Procedure,* 18 *U. S. C. A.,* which was adopted February 8, 1946 and became effective March 21, 1946.

The affidavit of Esther N. Dilger, one of the grand jurors, recites:

"On the day the final deliberations of the Grand Jury took place * * * Mrs. Vi Gormley, * * * was present in the Grand Jury Room while the Grand Jury * * * was deliberating * * *."

The affidavit of Michael Greengrass, another grand juror, recites:

"Mrs. Gormley was present while testimony was being taken, while the Grand Jury deliberated on whether to return an indict-. ment   *   *   *."

Mrs. Gormley was a stenographer attached to the prosecutor's office, who had been previously appointed assistant clerk to the grand jury by an order of the assignment judge of Passaic County.

The answering affidavit of Mrs. Gormley does not unequivocally deny the above assertions but says:

"I was present at the time when the vote was taken on the indictments voted in the matter. I recall that no deliberations took place on this case at that time   *   *   *."

It should be noted that the affidavits of Catherine Wooley and Messrs. Pfeil and Richardson, other members of the grand jury, offered by the State do not deny that Mrs. Gormley was present in the grand jury room during the deliberations; nor has the State offered any proof, other than the affidavit of Mrs. Gormley, that she was not present in the grand jury room during the deliberations.

It must, therefore, be found as a fact that Mrs. Gormley was present during the deliberations of the grand jury.

There are no New Jersey cases cited interpreting the rule as amended on September 9, 1953.

The question presented is therefore: Does the presence of an unauthorized person in the grand jury room during the deliberations of the grand jury vitiate an indictment thereafter returned by the grand jury?

The cases cited by the State on this point were all decided prior to the adoption of R. R. 3:3–6.

The opening comments of Chief Justice Vanderbilt to the First Judicial Conference on September 13, 1948, in relation to interpreting the new rules promulgated after the adoption of the 1947 Constitution of New Jersey were

to the effect that the most comprehensive, the most flexible, the most modern set of rules applicable to our new system of judicial procedure was to be found in the *Federal Rules of Civil and Criminal Procedure*. In the decisions of our appellate courts, where there have been no cases in point in New Jersey, they have followed the judicial interpretations and constructions of the federal courts where our rules are similar to the federal rules.

Our rule, like the federal rule, names those who may be present in the grand jury room during deliberation, and it specifically excludes the clerk. It therefore follows that a stenographer in the prosecutor's office who has been appointed assistant clerk is not a person authorized to be in the grand jury room during deliberations. The point of an unauthorized person in the grand jury room was decided recently in *United States v. Carper*, 116 *F. Supp.* 817 (*D. C.* 1953), where the identical point was raised— the presence of an unauthorized person in the grand jury room. The court said, at *page* 820:

"At this point, the question arises whether the defendants are required to show that they were prejudiced by the presence of the deputy marshals. The Court concludes that the defendants are not required to do so. In the first place, as the Court has just stated, Rule 6(d) by its specific provisions restricts those who may be present in the grand jury room. It would seem to follow logically that if the rule is to have meaning, its violation is basis *per se* for invalidating the indictment. To hold otherwise would be to undermine the purpose, effectiveness and value of the Criminal Rules by judicial legislation which, in effect, would be saying that the Rules do not mean what they clearly and unequivocally state.

Secondly, in many cases the defendant would have an almost impossible task trying to prove actual prejudice to himself. It seems to this Court that at most the defendant need show only probable prejudice to the grand jury system by the violation."

Again, at *page* 821 the court continued:

"In the present motion, the Court cannot be concerned with the possible guilt or innocence of the defendants, with the seriousness of the charge, or even with the possible effect of the Court's decision on the present case. The Court is aware of two major compulsions: (1) preservation of the inviolacy of grand jury proceedings, which

includes any possible threat thereto; and (2) preservation of one of the basic purposes of the Federal Rules of Criminal Procedure: uniformity of Federal criminal procedure, a purpose which cannot be achieved or adhered to when individual courts practice judicial legislation in the face of a definite rule. * * *"

Another recent case on this point is *United States v. Smyth,* 104 *F. Supp.* 283 (*D. C. N. D. Calif.* 1952), where a comprehensive exposition on many questions of the law and practice relative to grand juries is given. As a result of the Kefauver Committee Report, the grand jury was specifically constituted to inquire into and make indictment or presentment of all crimes against the United States committed in the district. The defendant was indicted and thereupon made a motion to quash the indictment, alleging among other grounds the presence of an unauthorized person in the grand jury room. At the argument on the motion it appeared that an Assistant United States Attorney was present in the grand jury room. While it is *dictum,* the court said on this point, at *page* 305:

"* * * If there had been claim or allegation that some other person besides an Assistant United States Attorney was present, the court would have felt bound to try the fact. The argument above is convincing that O'Gara had a right to be in the grand jury room. But, it is said, he was in the room at times when the grand jury was deliberating but not while they were voting. Of course, his presence while they were deliberating would be illegal, but the court is not going to take testimony of the grand jury upon the suggestion made. This would not remove jurisdiction from the grand jury unless O'Gara was one who had no right to be there at all. If O'Gara was an unauthorized person in that sense, then the court would be bound to quash the indictment."

This matter was passed on in *United States v. Heinze,* 177 *F.* 770 (*C. C. S. D. N. Y.* 1910). The facts in that case were that the Attorney-General specially employed an attorney to assist in the preparation of criminal cases. The attorney was designated a special assistant to the United States Attorney. The attorney attended before the grand jury. There was no suggestion of personal misconduct or indecorous behavior against the attorney. The defendants

made a motion to quash the indictment on the ground that there was an unauthorized person in the grand jury room. The government contended that in the absence of any showing of actual prejudice or injury to the defendant by reason of the presence of the attorney, the motion should be denied. The court said on this point, at *page* 773:

"* * * Instances might be multiplied wherein a violation of law cannot be seen to have produced any present injury to any one. That is a good reason for refusal to punish or refusal to prosecute, but it is no reason for justifying illegality. As was well remarked by Thomas, J: [*U. S. v. Rosenthal, C. C.*, 121 *F.* 862]

'The inconvenience of resubmitting the matter to the grand jury is temporary; the injustice of denying the defendant investigation pursuant to the law of the land would be perpetual.'

An excused or pardoned illegality is frequently unimportant, but a justified illegality, however trivial in itself, is of the highest importance.

It need only be added that no reason is seen for departing from the general view of grand jury procedure expressed in the cases of [*U. S. v.*] *Farrington, D. C.*, 5 *F.* 343, and [*U. S. v.*] *Edgerton, D. C.*, 80 *F.* 374.

The motion to quash is granted."

In *United States v. Edgerton*, 80 *F.* 374 (*D. C. Mont.* 1897), a witness was permitted to be in the grand jury room while other witnesses were being examined, and propounded questions to the other witnesses. The defendant moved to quash the indictment. The court said, at *page* 375:

"* * * It is beyond question that no person, other than a witness undergoing examination, and the attorney for the government, can be present during the sessions of the grand jury. The rule is inherent in the grand jury system with all the force of a statutory enactment. * * * The rule, in its spirit and purpose, admit of no exception * * *. There must not only be no improper influence or suggestion in the grand jury room, but, as suggested in *Lewis v. Commissioners*, 74 *N. C.* 194, there must be no opportunity therefor. If the presence of an unauthorized person in the grand jury room may be excused, who will set bounds to the abuse to follow such a breach of the safeguards which surround the grand jury. * * *"

The motion to quash the indictment was allowed.

In *U. S. v. Huston*, 28 *F. 2d* 451 (*D. C. Ohio* 1928), it was held that an unauthorized person appearing before the grand jury vitiated the proceedings.

See also *Latham v. United States*, 226 *F.* 420 *L. R. A.* 1916*D*, 1118, (5 *Cir.* 1915); *United States v. Philadelphia and R. R. Co.*, 221 *F.* 683 (*D. C. Pa.* 1915); *United States v. Rosenthal*, 121 *F.* 862 (*C. C. N. Y.* 1903).

It is to be observed that the majority of the cases in the United States courts have consistently held that the presence of an unauthorized person before the grand jury vitiates the indictment.

█ Returning to *R. R.* 3:3–6, the question must therefore be asked: Does the rule mean what it says, and does a violation thereof vitiate an indictment returned where an unauthorized person was present while the grand jury was deliberating? From the foregoing cases, it would appear that the answer is in the affirmative.

Since the issue is decided on this point in favor of the defendant, the court need not consider the other grounds because the foregoing conclusion would be dispositive of the entire issue, except to comment on the cross-motion of the State to punish the two grand jurors who made affidavits submitted by the defendant in support of his motion.

The contents of the two affidavits fall into two classifications, namely:

(1) A statement of fact contained in paragraph 5 of the affidavit of Esther N. Dilger; and a statement of fact contained in paragraph 5 of the affidavit of Michael Greengrass, to the effect that during the deliberations of the grand jury, Mrs. Vi Gormley, an employee of the county prosecutor's office of Passaic County was present; and

(2) Statements contained in each of the affidavits of Esther N. Dilger and Michael Greengrass which might be considered as violating the secrecy of the proceedings within the grand jury.

[3] As to the first classification, it must be distinguished from the rule of absolute secrecy. In *State v. Silverman,*

100 *N. J. L.* 249 (*Sup. Ct.* 1924), it was established that grand jurors are prohibited from doing the following:

1. They cannot be permitted to state how any member of the grand jury voted;

2. Nor the opinion expressed by their fellows or themselves upon any question before them;

3. Nor to disclose the fact that an indictment has been found against any person not in custody or under recognizance;

4. Nor to state in detail the evidence on which the indictment is founded.

After laying down the above prohibitions, the court then continued that it was " 'not aware that the sanction of secrecy has ever been extended beyond this; we know of no authority which carries the rule of exclusion further, and we can see no ground of policy or sound reason for its extension.' " See also *Stale v. Donovan,* 129 *N. J. L.* 478 (*Sup. Ct.* 1943).

█ The statements made in the affidavits of Dilger and Greengrass, in stating that Mrs. Gormley was present in the grand jury room during deliberations, does not violate any one of the above prohibitions.

█ As to other parts of the affidavits which the State alleges violated the secrecy of the proceedings within the grand jury, and the request of the State to hold the two grand jurors in contempt for violating their oath of secrecy, disciplinary measures to be taken against any grand jury member who has made unauthorized disclosures in violation of the rule of secrecy with regard to the grand jury proceedings should come before the court in conformity with *R. R.* 4:87, which was not followed in this matter. See *Van Sweringen v. Van Sweringen,* 34 *N. J. Super.* 384 (*App. Div.* 1955); reversed on other grounds, 22 *N. J.* 440 (*Nov.* 6, 1956).

Accordingly, the motion of the State should be denied.

The motion of the defendant to dismiss the indictments is hereby granted for the reason above stated.

Council will present an order in accordance with this opinion.