## FEENER et al. v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. March 26, 1918.)

No. 1317.

1. EVIDENCE ⬤⟺314(1)—HEARSAY.

Where a witness stated that he was not in the secrets of the grand jury room, cross-examination as to his knowledge whether certain property generally described in the indictment was produced before the grand jury was properly excluded, for it would be mere inference or hearsay.

2. WITNESSES ⬤⟺269(2)—CROSS-EXAMINATION—SCOPE.

Where a witness for the prosecution gave no testimony on direct examination upon the subject of his knowledge regarding the grand jury proceedings, the exclusion of cross-examination as to his knowledge whether property generally described in the indictment was produced before the grand jury was proper, despite defendant's contention that there was a variance between the description in the indictment and the grand jury's knowledge.

3. WITNESSES ⬤⟺269(2)—CROSS-EXAMINATION—SCOPE.

Where defendants contended there was a variance between the description in the indictment of certain property and the grand jury's knowledge, cross-examination of a witness for the prosecution for the purpose of discovering witnesses who knew what testimony the grand jury had before them is properly excluded, where the matter was in no way raised on the direct examination of the witness.

4. INDICTMENT AND INFORMATION ⬤⟺166—VARIANCE.

Where an indictment described property generally, averring that a more particular description was to the grand jury unknown, the prosecution must show that the grand jurors were in fact ignorant of a more particular description as to a substantial portion of the property, or acquittal must be had because of the variance between the indictment and the grand jury's knowledge.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Ida M. Feener and Martha Bense were convicted under Criminal Code, § 37, of conspiring to commit the offense of concealment by a bankrupt of property belonging to his estate from his trustee in bankruptcy denounced by Bankruptcy Act, § 29b, and they bring error. Affirmed.

E. Mark Sullivan, of Boston, Mass., for plaintiffs in error.

Thomas J. Boynton, U. S. Atty., of Boston, Mass. (Daniel A. Shea and Francis G. Goodale, Sp. Asst. U. S. Attys., both of Boston, Mass., on the brief), for the United States.

Before DODGE, BINGHAM, and JOHNSON, Circuit Judges.

DODGE, Circuit Judge. The two plaintiffs in error, Ida M. Feener and her sister, Martha Bense, have been found guilty, in the District Court, under section 37 of the Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1096 [Comp. St. 1916, § 10201]) of conspiring to commit the offense against the United States denounced by section 29b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 554 [Comp. St. 1916, § 9613]); i. e., that of concealment by a bankrupt of property belonging to his estate from his trustee in bankruptcy.

⬤⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The indictment alleged the filing of a voluntary petition by the defendant Feener on January 20, 1915, her adjudication on the same day, and the qualification of trustees of her estate on February 17 and 18, 1915. The alleged date of the conspiracy charged was January 1, 1915. The offense contemplated was thus described:

"Which said offense was to be committed by said Ida M. Feener by knowingly and fraudulently concealing while a bankrupt from her trustee in bankruptcy thereafter to be chosen, appointed, and qualified in a voluntary proceeding thereafter to be begun by her, * * * certain property belonging to the estate in bankruptcy of said Ida; that is to say, jewelry and diamonds to the amount and value of $2,000, and automobiles, parts of automobiles, and accessories to automobiles, of the value in all of $5,000, a more particular description of said jewelry, diamonds, automobiles, parts of automobiles, and accessories being to the jurors unknown, in that they should agree to fraudulently represent to said trustees that said property was in fact the property of said Martha, whereas, in truth and in fact, as they at all of said times well knew, said property belonged to said Ida."

There was uncontradicted evidence that at the alleged date of the offense there were three Packard automobiles and one detachable top formerly owned by the defendant Feener, and later taken over by the defendant Bense by a proceeding which, in form of law at least, was a foreclosure of a chattel mortgage thereon, which she claimed had been assigned to her by the defendant Feener.

There was also uncontradicted evidence that at said date there were four diamond rings and one pair of diamond earrings in the Collateral Loan Company's possession, having been previously hypothecated to it by the defendant Feener and for a long time in her possession.

The indictment was found by a grand jury convened in September, 1916. There was also uncontradicted evidence that it was then known, and had for some time been known, to said trustees in bankruptcy and to persons in the United States Attorney's office, as to the above automobiles and top, that they were in the custody of a receiver appointed by a Massachusetts court in an equity suit (by or against whom does not appear from the bill of exceptions); also that the above diamond rings and pair of diamond earrings were in the Loan Company, having been there deposited by the defendant Feener long before her bankruptcy. The bill of exceptions states that there were no other automobiles, tops, or accessories, or jewelry, "other than those referred to by any evidence in the case, shown to have been of the estate of the defendant Feener at the date of the offense charged."

[1, 2] The bill of exceptions does not purport to set forth all the evidence at the trial, and an assignment of error to the court's refusal to rule that upon said evidence the defendants were entitled to an acquittal has not been urged before us. The same is true regarding seven of the nine other assignments. The plaintiffs in error have been "content to urge their appeal upon their fourth and fifth assignments of error," which relate to alleged variances "between the grand jury's knowledge of or particular description of said jewelry and the indictment's description" thereof, or "between the grand jury's

knowledge of said jewelry and automobiles and the description of said articles as contained in said indictment."

One of the trustees in bankruptcy, a witness for the prosecution, testified that he located diamonds or jewelry standing in Ida M. Feener's name in the Collateral Loan Company, consisting of five specific things upon which loans had been negotiated some time in the fall of 1912. On cross-examination he stated that the five specific things referred to were produced in the bankruptcy court. To a question in his cross-examination whether they were produced before the grand jury, objection was made, and, as is agreed, the cross-examining counsel then claimed the right to inquire concerning what the witness knew of the grand jury proceedings, for the purpose of showing that a variance existed, as above. The court excluded "this line of inquiry"—the witness having stated that he "was not in the secrets of the grand jury room," the prosecution having stated, when objecting, that the witness did not appear before the grand jury, and there being nothing to show that he did appear before them. What the witness knew of the proceedings before them could thus have been at most only inference or hearsay. For that reason, and for the further reason that no testimony given by him on direct examination opened the subject of his knowledge regarding the grand jury proceedings, we cannot hold the court's ruling erroneous. The bill of exceptions sufficiently shows that by excluding "this line of inquiry," as above, the court did not exclude all inquiry regarding the proceedings before the grand jury. A previous witness for the prosecution, who had testified in those proceedings, had already stated in cross-examination that he had therein described the five articles of jewelry to the grand jury, the same being then in his possession, though he did not have them with him while so testifying.

[3] In a further cross-examination of the trustee in bankruptcy above referred to, he was asked if he knew "who it was first brought this matter to the attention of the district attorney." Objection being made to the question, the cross-examining counsel was asked to state how it was material. He answered, that he might "be able to discover who it was testified before the grand jury regarding the automobiles," and that if it appeared that the indictment had been obtained relating to property concerning which there had never been any testimony before the grand jury, the court might quash the indictment of its own motion. The court excluded the question, and we think rightly. As in the case of the question above referred to, it was upon a matter not opened in direct examination, and the inquiry, of course, could not be allowed, merely in order to assist the defendants in discovering witnesses who knew what testimony the grand jury had had before them.

[4] What had been said disposes of the fourth and fifth assignments of error, upon which the plaintiffs in error state that they are content to urge their appeal. It may be added that so much of the judge's charge as related to the question of variance is before us in the bill of exceptions, and we find nothing in his instructions which would warrant us in holding them erroneous, even if the assignments of error regarding them, or any of them, had been insisted upon. The

jury were told, in substance, that the prosecution must satisfy them, as to some substantial portion of the property referred to, that the grand jurors were in fact ignorant of a more particular description than that given in the indictment, and that, if it had failed so to do, there should be an acquittal by reason of a variance.

The judgment of the District Court is affirmed.