## UNITED STATES v. MARTINS et al.

(District Court, D. Massachusetts. May 2, 1923.)

No. 3889.

1. **Indictment and information** ⚫⟞81(1)—**Knowledge by grand jury of name of one of 41 alleged unknown aliens does not invalidate whole indictment.**

    The fact that the name of one of 41 aliens may have been known to the grand jury, and notwithstanding charged as unknown, does not invalidate the whole indictment.

2. **District and prosecuting attorneys** ⚫⟞3(1)—**Right of Assistant United States attorney to present evidence to grand jury; Attorney General need not designate each case in which assistant can conduct grand jury proceedings.**

    Rev. St. § 363 (Comp. St. § 538), authorizing the Attorney General to retain attorneys to assist district attorneys, and Act June 30, 1906 (Comp. St. § 534), providing that any attorney appointed by the Attorney General, when thereunto specifically directed by the Attorney General, may conduct any kind of proceedings, including grand jury proceedings, is equally open to interpretation as requiring a direction for each specific case, or a direction for a specified kind of proceedings, and should be given the meaning which is more practical in the dispatch of the government's business, and construed to permit an assistant to conduct grand jury proceedings under general designation by the Attorney General, without requiring a specific designation for the particular case, rather than given the construction which would result only in useless red tape.

Joao A. Martins and others were indicted for an offense. On motion to quash the indictment. Motion denied.

The United States Attorney.

T. F. O'Brien and Solomon Rosenberg, both of New Bedford, Mass., for defendants in error.

MORTON, District Judge. [1] Although the name of one of the 41 aliens may have been known to the grand jury and notwithstanding charged as unknown, the whole indictment is not on that account bad. The point is precisely covered by Feener v. United States, 249 Fed. 425, 161 C. C. A. 399.

[2] As to Mr. Curtis' authority to conduct proceedings before the grand jury: I have no doubt that the permitted presence in the grand jury room of an unauthorized person is sufficient ground for quashing an indictment. To hold otherwise would open the door to a practice which might lead to oppression and unfairness. The question, then, is whether Mr. Curtis was authorized by law to be present when the grand jury was considering evidence against the defendants. This depends upon the correct interpretation of certain statutes. Rev. St. § 363 (Comp. St. § 538), provides that:

"The Attorney General shall * * * employ and retain, in the name of the United States, such attorneys and counselors at law as he may think necessary to assist the district attorneys in the discharge of their duties."

The act of 1906 (34 Stat. at Large, 816; Comp. St. § 534) provides that:

"The Attorney General or * * * any attorney or counselor, specially appointed by the Attorney General under any provision of law, may, when thereunto specifically directed by the Attorney General, conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings."

The Attorney General, under date of April 22, 1921, appointed Mr. Curtis—

"a special assistant to the United States attorney for the district of Massachusetts in the following cases [naming them] and in such other cases and matters as may be assigned to you. You are hereby authorized and directed to conduct grand jury proceedings in the district of Massachusetts in connection with these cases and matters, including such as may be assigned to you hereafter." (Letter of appointment.)

Mr. Curtis was assigned by the United States attorney for this district to take charge of the case against these defendants before the grand jury.

Broadly speaking, the intention of the statutes appears to have been to authorize the Attorney General to designate assistant United States attorneys and to prescribe their duties. The presentation of cases to the grand jury is part of the routine work of a prosecuting attorney's office. It is frequently done, both in the federal and in the state courts, by the assistants. To say that an assistant cannot appear before the grand jury, unless he has been designated by the Attorney General to do so in each particular case, seems to me unnecessarily narrow and technical. The language of the statute is almost equally open to either interpretation; i. e., that the direction must be for the specific case, or for a specified kind of proceedings. This being so, the statute should be given the meaning which is the more helpful and practical in the dispatch of the government's business, especially as this meaning has been placed upon it by the Department concerned. As the Attorney General can unquestionably make case by case designations, to give the statute the narrower interpretation would result only in useless red tape.

Motion to quash denied.