## In re INVESTIGATION BY THE JANUARY 1952 GRAND JURY.

### No. 1713.

United States District Court
W. D. Pennsylvania.

Feb. 14, 1952.

Judgment Affirmed May 2, 1952.

GOURLEY, Chief Judge.

This matter came before the Court on motion of Mario L. Bove, a citizen per se and pro se, to appear before the Grand Jury regularly empaneled and sitting to investigate the violation of any criminal laws of the United States within the jurisdiction of this Court. The petitioner requested the right to appear for the following purposes:

1. Dealing with so-called violations of immigration laws: The so-called restrictive immigration laws are detrimental to the best interests of our people, being based on false facts and beliefs that labor is paid by capital when it is a natural economic truth that labor produces capital. Therefore, more labor will produce more capital, and instead of restrictive immigration law, we should adopt immediately an open immigration policy for the benefit of our people and our country.

2. Dealing with the investigation of income tax violation: It is a natural truth that taxation is robbery and the only cause of strikes, inflation, poverty and war, and the cause of all rackets—taxation—should be stopped for the benefit of our people and our country. Government should collect its own earnings, which are wages and interest due to the Government for services furnished by Government on land market locations.

The Court advised the petitioner that if he had any knowledge or could offer any testimony relative to the violation of any Federal law within the jurisdiction of this Court and, more particularly, the immigration laws or taxation laws, he would be permitted to appear to offer said testimony. On being informed that no such knowledge existed on his part and that the sole purpose of the testimony to be offered would relate to the propriety of the existing immigration and taxation laws, such request was denied for the reason that the testimony to be offered related solely to the wisdom of Congress in the enactment of said laws. It was the further judgment of the Court that to permit the petitioner to appear would result in useless expenditure of time on the part of all concerned for the reason that any recommendations made by the Grand Jury through its inquisitorial powers would be of no legal or substantial aid since the matters in question would not fall solely within the jurisdiction of this Court.

Nothing can be farther from the truth than the common impression that there are no restrictions upon the inquisitorial power of a federal grand jury. Limitations on the Powers of Federal Grand Juries, Penna. Bar Association Quarterly, Oct. 1951, Vol. 23; 38 C.J.S., Grand Juries, § 1 et seq., p. 979 et seq.

This opinion is filed to enlighten the United States Court of Appeals for the Third Circuit as to the basis for the Order entered by this Court on January 17, 1952, in which the Court refused the petition and request of Mario L. Bove to appear before the Grand Jury.