**UNITED STATES of America,**
**Plaintiff,**

v.

**Stephen J. BORYS, Defendant.**

**Crim. No. 2464.**

District Court, Alaska
Fourth Division, Fairbanks.

Feb. 4, 1959.

George Allan McGrath, Asst. U. S. Atty., Fairbanks, Alaska, for plaintiff.

Taylor & Taylor, by Warren A. Taylor, Fairbanks, Alaska, for defendant.

HODGE, District Judge.

Defendant was indicted by the grand jury for the crime of contributing to the delinquency of a child of the age of seven years, and has moved to dismiss or quash the indictment upon the grounds that it was obtained in violation of Sec. 66-8-33, A.C.L.A. 1949, in that the mother of the minor child was allowed to remain in the grand jury room while the child was a witness before the grand jury.

The facts, as disclosed by affidavits of the foreman of the grand jury and of the mother, are that the mother, at the request of an Assistant United States Attorney, was allowed to accompany the child into the grand jury room, and was seated on a chair located near her during the time that her daughter was testifying. Neither remained during the deliberations or voting of the grand jury, and no actual prejudice is shown.

The statute relied upon provides in part as follows:

"* * * no person other than the district attorney or a witness actually under examination can be allowed to be present during the sittings of the grand jury, nor either such attorney or witness when the grand jury are deliberating or voting upon a matter before them."

The Federal Rules of Criminal Procedure contain a similar provision, with further exceptions, as follows:

"Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting." Rule 6(d) F.R.Cr.P., 18 U.S.C.A.

There is a decided difference of opinion in the decisions touching upon this subject as to the effect of the presence of an unauthorized person in the grand jury room, the majority of State decisions taking the view that there will not be a sufficient ground for quashing or abating the indictment *unless prejudice is shown or is probable.* Other courts have held that the participation of an unauthorized person is grounds for abatement or quashing the indictment regardless of any showing of prejudice. 24 Am.Jur., Grand Jury, 862, Sec. 42; Annotation 4 A.L.R.2d 395; 38 C.J.S. Grand Juries § 40(e), p. 1048; Wharton's Crim.Law and Proc., Vol. 4, Sec. 1715.

The rule in the Federal courts, both prior and subsequent to adoption of the Federal Rules, is that the appearance of an unauthorized person before a grand jury is a sufficient ground for setting aside an indictment without a showing of prejudice. Latham v. United States, 5 Cir., 226 F. 420, L.R.A.1916D, 1118; United States v. Edgerton, D.C.Mont., 80 F. 374; United States v. Carper, D.C. D.C., 116 F.Supp. 817; United States v. Amazon Industrial Chemical Corp., D.C. Md., 55 F.2d 254. In these decisions it is consistently held that the presence of an unauthorized person may result in a presumption of prejudice to the accused, and that at most the defendant need show only probable prejudice by the violation. United States v. Edgerton, supra; United States v. Carper, supra;

United States v. Powell, D.C.Mo., 81 F. Supp. 288, 291.

The Federal rule, interpreting the effect of the Federal Rules of Criminal Procedure, must obtain in this jurisdiction. Moreover, the Alaska statute is taken from the Oregon Code, Criminal Code, § 115, subds. 1, 2; and in the only decision found interpreting such section, the Supreme Court of Oregon held in an early decision that the presence of an unauthorized person before the grand jury is highly improper, and may be taken advantage of by a motion to quash the indictment before trial (although not, as in such case, by a motion for new trial). State v. Justus, 11 Or. 178, 8 P. 337.

The Government in its brief argues at length that the rule requiring secrecy of proceedings of the grand jury is for the protection of the public, the grand jurors and witnesses, and is not for the protection of the accused. The rule of secrecy is not the test, but rather whether or not there may have been improper influence or suggestion in the grand jury room while a witness was testifying. United States v. Edgerton, supra.

Although there are decisions to the contrary under the so-called majority view, it has been held that the presence of an attendant to a minor child results in probable prejudice to the defendant sufficient to set aside the indictment. People v. Minet, 296 N.Y. 315, 73 N.E. 2d 529, 4 A.L.R.2d 386, 390. The presence of the mother of a seven year old child confronting such child while testifying as a witness would appear to come especially within this principle.

Finally, the Government suggests that Rule 6(d) is permissive, and not mandatory, under the decision in United States v. Martel, D.C., 17 F.R.D. 326. This case does not so hold, with respect to the effect of an unauthorized person appearing before the grand jury, but only that the provision of the Rule for attendance of a stenographer is permissive only, and not mandatory. On the contrary, the language of the decision in the Carper case, above, is unmistakable [116 F.Supp. 820]:

"Rule 6(d) by its specific provisions restricts those who may be present in the grand jury room. It would seem to follow logically that if the rule is to have meaning, its violation is basis per se for invalidating the indictment. To hold otherwise would be to undermine the purpose, effectiveness and value of the Criminal Rules by judicial legislation which, in effect, would be saying that the Rules do not mean what they clearly and unequivocally state."

The motion of the defendant to quash the indictment must be sustained. The bail of the defendant may be continued until the next session of the grand jury pending resubmission of the cause to the grand jury. An order may be presented accordingly.