**UNITED STATES of America**

v.

**Gary BOWDACH.**

**No. 70–612–Cr–CA.**

United States District Court,
S. D. Florida,
Miami Division.

Feb. 23, 1971.

James H. Walsh, Atty., U. S. Dept. of Justice, Miami, Fla., for the Government.

Daniel S. Pearson, of Pearson & Josefsberg, Miami, Fla., for defendant.

ORDER OF DISMISSAL

ATKINS, District Judge.

THIS CAUSE is before the Court on the Motion to Dismiss filed by defendant Gary Bowdach alleging a violation of Rule 6(d) Federal Rules of Criminal Procedure, alleging that there was an unauthorized person in the Grand Jury room when the Grand Jury was in session. The Court took testimony and heard argument on February 23, 1971 and has reviewed in camera the transcribed testimony of the sixteen witnesses who appeared before the Grand Jury.

The facts elicited at the evidentiary hearing are as follows:

1) That FBI Agent Joseph A. Gersky, by virtue of being a witness, had presented to and played for the Grand Jury certain mechanically recorded tapes of certain telephone conversations;

2) That with the intention of refreshing the memory of both witness Phillip Diamilio and witness Stark, Agent Gersky was recalled into the Grand Jury for the purpose of replaying certain portions of the recordings he had previously identified;

3) That the tapes were replayed by Agent Gersky in the presence of both the Grand Jury and witness Diamilio; and

4) That, although the evidence is not clear, the Court presumes and so finds that while Agent Gersky and witness Diamilio were simultaneously present in the Grand Jury room neither spoke nor otherwise gave testimony in the cause apart from the replaying of the recording.

On the basis of these facts the Court finds that a violation of Rule 6(d) has occurred and the indictment must be dismissed. Rule 6(d) and the cases construing it lay down a hard and fast rule which allows for no exceptions. *See*, 4 A.L.R.2d 392, United States v. Rath, 406 F.2d 757 (6th Cir. 1969); Shushan v. United States, 117 F.2d 110, 133 A.L.R. 1040 (5th Cir. 1941), cert. denied 313 U.S. 574, 61 S.Ct. 1085, 85 L.Ed. 1531 (1941); Latham v. United States, 226 F. 420 (5th Cir. 1915); Paroutian v. United States, 297 F.Supp. 137 (D.C.E.D.N.Y.1968); United States v. Borys, 169 F.Supp. 366 (D.Alaska 1959). The government argues that, since Agent Gersky was the only person capable of operating the machine and that no testimony was taken, a rule of reason should prevail and that this intrusion is permissible. In light of the long line of authorities to the contrary the Court is unable to accept this position.

Without deciding whether Rule 6(d) was designed to maintain the secrecy of Grand Jury proceedings or to prevent improper influence on the Grand Jury, the Court finds as a matter of law that the simultaneous presence of Agent Gersky and witness Diamilio in the Grand Jury room while the Grand Jury was in session is a violation of Rule 6(d). The presence of Agent Gersky was both improper and unnecessary. Hammers v. State, 337 P.2d 1097, 1109 (Okl.Cr.App. 1959). The government attorney in charge of presenting the evidence could very well have learned how to operate the machine once the tapes had been properly introduced. The potential for undue influence, if that be the test, is made greater by the fact that the unauthorized person, Agent Gersky, was a government agent who possessed personal knowledge of the evidence being presented. It is therefore,

ORDERED AND ADJUDGED as follows:

1) That the Motion to Dismiss filed by Defendant Bowdach be and the same is hereby granted and the indictment charging defendant Bowdach be and the same is hereby dismissed without prejudice; and

2) That the Grand Jury minutes of the sixteen witnesses heretofore produced by order of this Court for in camera inspection be and the same are hereby ordered to be returned to government counsel.