**UNITED STATES of America**

**v.**

**George P. ECHOLS et al.**

**Crim. A. No. 75–359.**

United States District Court,
E. D. Louisiana.

March 9, 1976.

See also D.C., 413 F.Supp. 8.

es of unauthorized presence together are, sufficient to constitute a violation of F.R.Crim.P. 6(d).

"Attorneys for the government, *the witness under examination,* interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting." (Emphasis ours)

The defendants contend that a projectionist, employed by the government to operate a 35 mm projector, was not a *witness under examination,* regardless of the fact that he was sworn as a witness.

The government, on the other hand, contends that, because the projectionist was sworn as a witness, he was properly present while the grand jury was in session.

For the following reasons the defendants' motion to dismiss the indictment is granted.[1]

## I. *THE FACTS*

Mr. Montreuil, the projectionist, did not testify as a fact or expert witness; indeed, it is quite clear that Mr. Montreuil had no knowledge of any fact material or relevant to the captioned matter. Mr. Montreuil's testimony did nothing more than establish the fact that he was a union projectionist.[2] Mr. Montreuil, therefore, was no more of a witness than the U. S. attorney or the court stenographer.[3]

## II. *THE LAW*

In *U. S. v. Bowdach,* 324 F.Supp. 123 (S.D.Fla.1971) the indictment against the defendant was dismissed because an F.B.I. agent, who had previously testified *as a witness,* was brought in again to operate a tape recording device. In that case, as in the present case, the government contended that it was necessary to have the person

---

Don M. Richard, Asst. U. S. Atty., New Orleans, La., for plaintiff.

William M. Lucas, Jr., Dufour, Levy, Marx, Lucas & Osborne, New Orleans, La., for defendants.

## ORDER

PALMIERI, District Judge.*

This is a simple matter involving an alleged evasion of F.R.Crim.P. 6(d) by the government in their prosecution of the defendants for the alleged violation of 18 U.S.C. §§ 1462 and 2.

F.R.Crim.P. 6(d) provides:

---

* Of the Southern District of New York, sitting by designation.

1. The Court has previously dismissed an indictment after deciding a similar question by its order of November 25, 1975, in Criminal Action Nos. 75–359, 75–362, 75–363, and 75–364, all of which involved the same facts and defendants. The same defendants were again indicted by

superceding indictment, after another grand jury had viewed the subject films.

2. See transcript attached as Appendix "A".

3. Both a U.S. attorney and a court stenographer are specifically designated as proper parties present while a grand jury is in session by F.R.Crim.P. 6(d).

present, because only he was capable of operating the recording device. The facts are clear that in *Bowdach*, as in the present case, no testimony was taken while the tape was being played, or the film projected, respectively.

There are many other cases which support the decision reached in *Bowdach*.[4]

### III. *RULING*

 Hence, it is clear that, since Mr. Montreuil was not a *witness under examination*, he was not a proper party under F.R.Crim.P. 6(d). The government cannot extend the limit imposed by F.R.Crim.P. 6(d) simply by swearing in, as a witness, a person the government feels should be present. Indeed if that were the law, F.R. Crim.P. 6(d) would be without substance. The fact that Mr. Montreuil was sworn to secrecy is of no effect, since the specifics prescribed by F.R.Crim.P. 6(d) are *not* judicially extendable.[5] That is to say, if there is a need to allow the operator of a *device* which will be used to *present* evidence to a grand jury to be present while a grand jury is in session, it is incumbent upon Congress, not the courts, to change the existing rule, as was done in the case of stenographers and interpreters.

Therefore, IT IS ORDERED that the defendants' motion to dismiss be, and the same is hereby, GRANTED.

The motion to dismiss having been GRANTED, the other motions filed by the defendants are hereby DISMISSED AS MOOT.

### APPENDIX "A"

### UNITED STATES GRAND JURY

### NEW ORLEANS, LOUISIANA

. . . ooo0ooo . . .

Proceedings before the Ladies and Gentlemen of the United States Grand Jury,

at the La Salle Hotel, 1113 Canal Street, New Orleans, Louisiana, on Tuesday, November 25, 1975.

. . . ooo0ooo . . .

APPEARANCES:

Don Richard, Esq.
Assistant U. S. Attorney

Robert J. Boitman, Esq.
Assistant U. S. Attorney

REPORTED BY:

Julianne W. Andressen, Certified Shorthand Reporter in and for the State of Louisiana.

### PROCEEDINGS

. . . ooo0ooo . . .

### LLOYD MONTREUIL

after having been first duly sworn, testified as follows:

EXAMINATION BY MR. BOITMAN:

Q Would you state your name for the ladies and gentlemen.

A Lloyd Montreuil.

Q And, sir, what is your occupation?

A I am an audio-visual advisor.

Q And what is your purpose here today?

Q To project these films.

Q Are you licensed as a projectionist?

A I am in the Local Union here, yes.

Q And what type of projector are you going to use to project these film?

A Thirty millimeter sound motion picture projector.

Q Is this a complicated piece of machinery?

A Yes, it is.

4. See *United States v. Daneals*, 370 F.Supp. 1289 (W.D.N.Y., 1974); *United States v. Isaacs*, 347 F.Supp. 743 (N.D.Ill., 1972); *United States v. Boyle*, 338 F.Supp. 1028 (D.C., 1972); *United States v. Borys*, 169 F.Supp. 366 (Alaska, 1959); *United States v. Carper*, 116 F.Supp. 817 (D.C., 1953); *United States v. Goldman*, 28 F.2d 424 (3 Cir. 1928); *Latham v. United States*, 226 F.2d 420 (C.5, 1915); *United States v. Edgerton*, 80 F. 374 (9 Cir. 1897).

5. *Id.*

Q And have you been trained to use this particular piece of machinery?

A Yes.

Q Then, in this particular theater, which is the Viewing Room of the La Salle Hotel, who is allowed to operate this projector?

A Only those associated with the ABC and the Local Union.

Q And are you associated with ABC?

A Yes.

Q What is that?

A American Broadcasting Company, which owns Saenger and Saenger Orleans.

Q Are you also associated with the Local Union?

A Yes, 293.

Q And what is the full designation?

A Full what?

Q Designation of the Union.

A What do you mean?

Q It is No. 293 what?

A Just 293. The whole thing is Stage—I don't know what the whole thing is, it's the MP something, stage, projectionist, lighting, the whole thing.

Q And have you received the films from me that you are to show here today?

A Yes, I have.

Q And are you going to show those films in their entirety?

A Right.

MR. BOITMAN:

I have no further questions now.

MR. RICHARD:

I would like the record to reflect that the Jury viewed the film "Cheese" from approximately 9:30 to 10:35 this morning, at which time the only people present in the Jury Room were the Jurors and Assistant U. S. Attorney Boitman and occasionally Assistant U.S. Attorney Richard. And the projectionist remained in the projection booth after being sworn and projected the film. The Jury then went back to the courthouse and worked on two other indictments, and are returning at quarter of two from lunch to continue viewing the next two films.

I will ask the Court Reporter to step out and return to us about four o'clock.

(Whereupon, the Court Reporter left the Viewing Room).

MR. RICHARD:

I would like to reflect that the Court Reporter was asked to step back in at ten to four. The Jury has now viewed all three of the films, and I would ask the projectionist to step here, please.

## LLOYD MONTREUIL

having been previously sworn, testified as follows:

EXAMINATION BY MR. RICHARD:

Q Mr. Montreuil, you are reminded that you were sworn before beginning the showing of the films. Have you shown the films that the Assistant U. S. Attorney Boitman asked you to show to the Jury?

A Yes, I have.

Q You showed all three reels of all three film?

A All three reels of all three films.

Q And you do realize this is secret, so, you should not discuss what you saw here with anyone?

A Correct.

MR. RICHARD:

Thank you very much.

## CERTIFICATE

I, Julianne W. Andressen, do hereby certify that the within proceedings were taken down in shorthand (STENOGRAPH) by me, and reduced to typewriting under my personal supervision on November 25, 1975, and that the foregoing typewritten matter constitutes a true and correct transcription

of my stenographic notes taken at that time in the captioned cause.

 (s) <u>Julianne U. Andressen</u>
 REPORTER