John S. Lockman, J.
Defendant, by way of order to show cause, moves the court for the following relief:
(1) Dismissal of the indictment pursuant to CPL 210.20 upon the ground that the indictment was found at a defective Grand Jury proceeding within the meaning of CPL 210.35, and
(2) A severance of counts one, two and three from the remaining counts of the indictment.
The basis for defendant’s application for a dismissal of the indictment rests upon the fact that in the course of certain films being shown to a Grand Jury, an unauthorized person was present during the proceeding, to wit: a projectionist.
CPL 190.25 (subd 3) provides in part:
"During the deliberations and voting of a grand jury, only the grand jurors may be present in the grand jury room. During its other proceedings, the following persons, in addi *472 tion to witnesses, may, as the occasion requires, also be present:
"(a) The district attorney;
"(b) A clerk or other public servant authorized to assist the grand jury in the administrative conduct of its proceedings;
"(c) A stenographer authorized to record the proceedings of the grand jury;
"(d) An interpreter * * *
"(e) A public servant holding a witness in custody.”
The defendant’s position is that because of the presence of this unauthorized person before the Grand Jury, the indictment herein must be deemed defective and accordingly dismissed as void.
The People contend that because the films in question consisted of two 35 mm. motion pictures the rental of a theatre was required for the viewing. In order to rent the theatre, a union projectionist had to operate the projection equipment. It is further contended that the projectionist was a necessary party in this Grand Jury proceeding and although the projectionist was not a "clerk or other public servant” pursuant to CPL 190.25 (subd 3, par [b]) he was performing a public act of an administrative nature.
Aside from the issue of the illegality of the projectionist being present during the Grand Jury proceeding, the People cite CPL 210.35 (subd 5) as controlling when a Grand Jury proceeding is defective. CPL 210.35 (subd 5) provides as follows: "A grand jury proceeding is defective within the meaning of paragraph (c) of subdivision one of section 210.20 when * * * 5. The proceeding otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result.” (Emphasis added.)
In essence then the People’s position is that even if some irregularity did take place during the Grand Jury proceeding, it is incumbent upon the defendant to establish what prejudices inured to it as a result of such irregularity.
In contra position, the defendant cites People v Minet (296 NY 315), for the proposition that actual prejudice to the defendant need not be shown where there is an unauthorized person in the Grand Jury since this type of irregularity per se voids the indictment.
In considering People v Minet, (supra), the court notes that *473 it was decided many years prior to the enactment of CPL 210.35 (subd 5) thus its present applicability must be questioned. (Cf. United States v Echols, 413 F Supp 8; United States v Echols, 413 F Supp 12.) Furthermore, in People v Percy (45 AD2d 284), the court was confronted with an analogous situation wherein there was a failure to record instructions given during a Grand Jury proceeding. The court stated (p 286): "The Legislature could have listed failure to record as a per se defect in the proceedings so as to justify automatic dismissal. This it did not do. Since we are concerned with the fifth subdivision, we must, as a predicate, find an impairment of the Grand Jury’s integrity and a possibility of prejudice to the defendants.”
On the basis of the facts before this court, there has been a failure to establish any prejudice to the defendant as a result of an unauthorized person being present during the Grand Jury proceeding in question. Accordingly, this branch of the motion is denied.
The second branch of the defendant’s motion seeks a severance of certain counts in the indictment from the remaining ones. The basis for this application is that CPL 200.20 is not applicable to the offenses alleged in the indictment herein.
CPL 200.20 provides in part:
"1. An indictment must charge at least one crime and may, in addition, charge in separate counts one or more other offenses, including petty offenses, provided that all such offenses are joinable pursuant to the principles prescribed in subdivision two.
"2. Two offenses are 'joinable’ when:
"(a) They are based upon the same act or upon the same criminal transaction, as that term is defined in subdivision two of section 40.10;”. CPL 40.10 (subd 2) provides: " 'Criminal transaction’ means conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture.”
The defendant contends that evidence of one film entitled "Sodom and Gomorrah” which is the subject matter of counts one, two and three of the indictment would not be admissible *474 as part of the People’s case concerning the remaining counts in the indictment. "Moreover, the exhibition of both films is not based on the same act or criminal transaction. The exhibition of one film is an act in itself and the act is complete when the film’s exhibition concludes.”
The People submit that joinder of the several counts into one indictment when the crimes charged arose out of the same criminal transaction is proper. Furthermore, both films were shown as a single performance on several dates including those dates charged in the indictment.
As a secondary argument, the defendant states that even if the charges are joinable under one indictment, a severance should be granted in the interests of justice since a jury could well be prejudiced by the effect of one picture on the other.
The court finds that given the facts herein, all of the counts of the indictment relate the same criminal transaction since the exhibition of both films were so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident.
Assuming arguendo that such were not the case, CPL 200.20 (subd 2, par [c]) provides: "Two offenses are 'joinable’ when: (c) Even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law;”
It is obvious from a perusal of the indictment that the statutory offenses involved are all the same, that is, obscenity in the second degree.
Finally, the defendant’s argument that a severance should be granted in the interests of justice is specious. The defendant contends that " 'Sodom and Gomorrah’ is a high-quality film, entertaining and artistically presented. There is literary and artistic merit to the film and defense experts would so testify. On the other hand, the untitled film is of a lesser quality than 'Sodom and Gomorrah’ and because of the content of the untitled film a jury may more readily decide that it is obscene as opposed to 'Sodom and Gomorrah’ ”.
The court is unconvinced that prejudice will flow from the jury being exposed to both films during the course of one trial without material factual allegations establishing a real likelihood of prejudice. This branch of the motion must be denied.
*475 Accordingly, both branches of the defendant’s motion are denied in all respects.