**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**George Perkins ECHOLS et al.,
Defendants-Appellees.**

**No. 76–1953.**

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1976.

Rehearing Denied Dec. 20, 1976.

---

Gerald J. Gallinghouse, U. S. Atty., Don M. Richard, Robert J. Boitmann, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellant.

William M. Lucas, Jr., New Orleans, La., for George P. Echols & Internat'l Theaters Unlimited, Inc., d/b/a Toulouse Cinema.

Before AINSWORTH and RONEY, Circuit Judges, and ALLGOOD, District Judge.

RONEY, Circuit Judge:

█ The sole question presented on this appeal is whether a movie projectionist, who is sworn as a witness before the grand jury and then shows films to it, is a "witness under examination," and therefore an authorized person before the grand jury, in accordance with Rule 6(d) of the Federal Rules of Criminal Procedure. The district court held he was not and, following a *per se* rule that excludes unauthorized persons from the grand jury room, dismissed the indictment. We reverse on the ground that the projectionist was a "witness under examination" within the meaning of Rule 6(d).

Defendants were originally charged under four indictments with the interstate transportation of obscene material in violation of 18 U.S.C.A. §§ 2, 1462. In securing these initial indictments, the Government employed a union movie projectionist to show seven allegedly obscene 35mm films to the grand jury. The projectionist was not sworn as a witness. The district court granted defendants' motion to dismiss the indictment on the ground that an unauthorized person was present in the grand jury room in violation of Rule 6(d), Fed.R. Crim.P. *United States v. Echols,* 413 F.Supp. 8 (E.D.La. 1975) (Memorandum and Order per West, J.).

The Government, apparently anticipating this adverse decision, secured a superseding indictment between the date of the hearing and order of dismissal with respect to three of the movies. The Government employed the same projectionist, but this time placed him under oath. The projectionist testified that he was a licensed projectionist, that he knew how to operate a 35mm projector, and that he was going to show the three films in their entirety. After showing all three films to the jurors and the two assistant United States attorneys, he testified that he knew the proceedings were secret, and that he had shown all the reels of the films.

The defendants filed a motion to dismiss this second indictment. The district court granted the dismissal on the ground that the projectionist was not a "witness under examination" within the meaning of Rule 6(d), Fed.R.Crim.P., and therefore unauthorized to be present before the grand jury. *United States v. Echols,* 413 F.Supp. 12 (E.D.La.1976) (Memorandum and Order per Palmieri, J.). The court stated that the "government cannot extend the limit imposed by F.R.Crim.P. 6(d) simply by swearing in, as a witness, a person the government feels should be present." *Id.* at 14. From this adverse ruling the Government has appealed.

█ In the Federal Rules of Criminal Procedure governing the grand jury, Rule 6(d) provides:

(d) *Who May Be Present.* Attorneys for the government, *the witness under examination,* interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand

jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting. (Emphasis added).

By limiting those persons who may be present before the grand jury, Rule 6(d) serves the dual purpose of safeguarding the secrecy and privacy of the grand jury proceedings and of protecting the grand jurors from the possibility of undue influence or intimidation from unauthorized persons. To effectuate these purposes, courts generally have indicated that this Rule should be strictly construed. *See, e. g., Latham v. United States,* 226 F. 420 (5th Cir. 1915). In *Latham* this Court held that the presence of an unauthorized person results in a *per se* invalidity of the indictment. No showing of prejudice is required to quash an indictment secured with the presence of unauthorized persons in the grand jury room.

*Latham,* however, involved the presence of a stenographer who took notes of the testimony of the witnesses before the grand jury. Under the rules at that time, stenographers were not authorized to be present in the grand jury room. Furthermore, the stenographer neither was sworn nor purported to be a "witness under examination." This Court recognized that an act of Congress was required to change this Rule, and eventually Congress made such a change.

Similarly, the other cases cited by the defendants for the *per se* rule involved the simultaneous presence of a testifying witness and the unauthorized person, unlike the instant case. *United States v. Daneals,* 370 F.Supp. 1289 (W.D.N.Y.1974) (regional counsel for selective service system present with testifying witnesses); *United States v. Bowdach,* 324 F.Supp. 123 (S.D.Fla.1971) (FBI agent recalled to play tape recordings to refresh memory of testifying witness); *United States v. Borys,* 169 F.Supp. 366 (D.Alaska 1959) (mother of child present while child testified); *United States v. Carper,* 116 F.Supp. 817 (D.D.C.1953) (three U.S. deputy marshals present while grand jury was hearing testimony); *United States v. Goldman,* 28 F.2d 424 (D.Conn.1928) (stenographer, not permitted by rules at that time, present with testifying witnesses); *United States v. Edgerton,* 80 F. 374 (D.Mont.1897) (expert witness remained while another witness was examined and asked questions of him). Only in *Edgerton* and *Bowdach* had the unauthorized person been sworn as a witness at any time during the grand jury proceedings. No case cited by the parties or uncovered in our independent research deals with the situation where an individual, sworn as a witness and appearing alone before the grand jury, was deemed to be an unauthorized person under Rule 6(d), except in the instant case and the subsequent case of *United States v. Echols,* Crim. No. 76–271 (E.D.La., filed June 14, 1976) (Memorandum Opinion per Boyle, J.) (movie projectionist, an employee of defendant, was sworn as a witness and gave relevant testimony on films. After adjournment, he returned to show the films to the grand jury. The court held that he no longer served his function as a witness and granted defendants' motion to dismiss).

To adhere to a strict construction of Rule 6(d), the inquiry must focus on whether the projectionist was a "witness under examination." The Rules nowhere define this phrase. The decision must turn on the function of the grand jury, the scope of its investigation, and the purpose of the movie projectionist's presence before the grand jury.

The grand jury has traditionally been accorded broad investigative powers in order for it to pursue effectively the performance of its duties. *United States v. Dionisio,* 410 U.S. 1, 17, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973). The grand jury best serves society's interests by carrying out a thorough and extensive investigation of every available clue, and by examining all witnesses in every proper way to determine if a crime has been committed. The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. *United States v. Calandra,* 414 U.S. 338, 344–345, 94 S.Ct. 613, 38

L.Ed.2d 561 (1974); *United States v. Parr,* 516 F.2d 458, 469 (5th Cir. 1975). Accordingly, the grand jury has been permitted to inspect physical evidence as well as to hear verbal testimony. *See, e. g., United States v. Dionisio, supra* (voice exemplars); *In re Lewis,* 501 F.2d 418 (9th Cir. 1974), *cert. denied,* 420 U.S. 913, 95 S.Ct. 1106, 43 L.Ed.2d 386 (1975) (tape recordings and documents); *Application of Rodgers,* 359 F.Supp. 576 (E.D.N.Y.1973) (photographs); *United States v. Bailey,* 332 F.Supp. 1351 (N.D.Ill.1971) (handwriting exemplars).

■ To effectuate further the broad investigative powers of the grand jury, it is imperative that evidence be presented in an understandable and meaningful fashion. This principle is recognized by the provision in the Rule which permits interpreters to be present when the witness under examination cannot speak English. Annot., 4 A.L. R.2d 392, 431 (1949). Likewise, expert witnesses may present oral testimony and physical demonstrations to a grand jury. *See United States v. Bailey, supra,* at 1357. Logic dictates that, when it is necessary for the grand jury to examine evidence which can only be presented through the use of complicated machinery, Rule 6(d) must encompass those persons with the requisite skills to operate such machines and to give testimony concerning their operations. To interpret this Rule otherwise would insulate from the grand jury the meaningful production of evidence.

■ In this case, in order for the grand jurors to indict the defendants for the interstate transportation of obscene films, it was essential that they examine the films in the manner in which they are used. This required some understanding of motion picture equipment and the operation of a 35mm movie projector. This Court can take judicial notice of the fact that a 35mm projector is a complicated and expensive piece of machinery. The projectionist was an expert. He was available for any inquiry the grand jury might wish to make about the equipment and the technical aspects of the use of these films. It was not necessary for the projectionist to present oral evidence of a testimonial nature. *But see United States v. Glassman,* Crim. No. 75–691 (E.D.La., filed June 24, 1976) (Memorandum Opinion per Boyle, J.). Where a qualified projectionist is duly sworn as a witness available for grand jury questions, shows films as instructed, and is not present during the presentation of other evidence or during the deliberations, we hold that he is a proper "witness under examination" within the meaning of Rule 6(d). We do not perceive any greater potential for invasion of the secrecy of the proceedings or opportunity for undue influence than is present with any other expert witness under examination.

We need not decide whether the swearing in of a witness would be sufficient alone to render him a "witness under examination." *Cf. In re Investigation by the January 1952 Grand Jury,* 102 F.Supp. 911 (W.D.Pa.), *aff'd,* 196 F.2d 217 (3d Cir.), *cert. denied,* 344 U.S. 823, 73 S.Ct. 22, 97 L.Ed. 641 (1952). In this case the projectionist played a meaningful role in the development of relevant evidence. Had there been any indication in the record that the projectionist was brought before the grand jury in bad faith or as a sham witness, our decision might be to the contrary. *See United States v. Tupler,* Crim. No. LV–75–75, RDF (D.Nev., filed April 19, 1976) (Memorandum and Order). We do not, however, rule on that supposition.

■ In ruling that the movie projectionist was properly before the grand jury as a "witness under examination," we no not purport to "extend the limit imposed by F.R.Crim.P. 6(d)." *United States v. Echols,* 413 F.Supp. 12, 14 (E.D.La.1976) (Memorandum and Order per Palmieri, J.). Rather, we read the rule as accommodating the practical exigency of making all relevant information available to the grand jury in a meaningful and understandable manner. The Order of the district court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.