UNITED STATES of America, Plaintiff,

v.

Joseph V. PIGNATIELLO, Juan Carlos Schidlowski and Arlan I. Preblud, Defendants.

Crim. No. 83–CR–334.

United States District Court, D. Colorado.

March 28, 1984.

William G. Pharo, Asst. U.S. Atty., Denver, Colo., for plaintiff.

Lee D. Foreman, Haddon, Morgan & Foreman, Edward W. Nottingham, Sherman & Howard, Kevin Michael Shea, Ira M. Long, Roath & Brega, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

MATSCH, District Judge.

The defendants have moved to dismiss the indictment in this criminal proceeding because of asserted violations of Rule 6(d) and Rule 6(e) of the Federal Rules of Criminal Procedure during the course of the grand jury investigation which resulted in the indictment. This court heard evidence on the motion on March 8, 1984; the motion has been briefed and oral argument was heard on March 23, 1984. There is no dispute on the relevant and material facts.

Lillian Filegar is a lawyer employed by the Securities and Exchange Commission ("SEC") and in that role she participated in an investigation of OTC Net, Inc., a Colorado corporation, registered with the SEC as a broker-dealer. That civil investigation led to the filing of Civil Action No. 82–Z–877, *SEC v. OTC Net, Inc., et al.*, a case which is still pending in this district.

By agreement between appropriate persons in the office of the United States Attorney for the District of Colorado and the SEC, it was determined that Ms. Filegar would be appointed as a Special Assistant United States Attorney, pursuant to 28 U.S.C. § 543, to enable her to assist the Assistant United States Attorneys with the grand jury investigation. Accordingly, on August 23, 1982, William R. Robie, Director, Office of Attorney Personnel Management in the Department of Justice, wrote a letter appointing Ms. Filegar as a Special Assistant to the United States Attorney for the District of Colorado, for a term expiring February 28, 1982. That date was an apparent typographical error. The letter of appointment also contained the following sentence: "Please execute the required oath of office at your earliest convenience." The oath referred to was the oath required by 28 U.S.C. § 544, providing as follows:

> Each ... attorney appointed under section 543 of this title, before taking office, shall take an oath to execute faithfully his duties.

Ms. Filegar did not take that oath until September 14, 1982. The first witness called before the grand jury in the subject investigation appeared on August 24, 1982. At that time, Assistant United States Attorneys Robert McAllister and William Pharo were present and introduced Lillian Filegar to the grand jury as a Special Assistant United States Attorney authorized to assist in the investigation. Ms. Filegar was then present throughout the testimony of the witness and the transcript of that testimony has been made a part of the record of this proceeding. Before appearing before the grand jury, Ms. Filegar did read materials provided to her by the United States Attorney, including the opinion in *United States v. Tager*, 638 F.2d 167 (10th Cir.1980) concerning the requirements of Rule 6(e) of the Federal Rules of Criminal Procedure. She acknowledged an understanding of grand jury secrecy obligations in a letter, signed August 20, 1982, addressed to the Director of the Executive Office for U.S. Attorneys. After the expiration of the term of her first appointment, Lillian Filegar received other appointments from officials at the Department of Justice and did not take any other oath. Because of a concern that an appointment might expire or that there may be a gap in successive appointments, Lillian Filegar's name was included in a notice of disclosure

under Rule 6(e) filed with the Clerk of this court on March 17, 1983.

Rule 6(d) prescribes those who may be present in grand jury proceedings in the following language:

(d) **Who May Be Present.** Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting.

"Attorneys for the government" are those described in F.R.Cr.P. 54(c). In terms relevant here, the attorney must be an authorized "assistant" of the United States Attorney. Accordingly, if by omission of the taking of the oath of office, Ms. Filegar was not an authorized assistant of the United States Attorney for the District of Colorado on August 24, 1982, she was not an "attorney for the government" and her appearance before the grand jury on that date was a violation of Rule 6(d). The government contends that the purposes of Rule 6(d) are to protect the secrecy of the grand jury proceedings and to guard against undue influence upon the grand jurors and the witnesses. Those purposes have, of course, been recognized by the courts. *See e.g., United States v. Echols,* 542 F.2d 948, 951 (5th Cir.1976), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1695, 52 L.Ed.2d 387 (1977); *United States v. Lill,* 511 F.Supp. 50, 55–56 (S.D.W.Va.1980). Because there is no contention that any intimidation did take place and because Ms. Filegar had acknowledged the obligation of secrecy, it is argued that the omission of the oath should not be considered to be a violation because she was appearing in an "authorized role."

The Congress has used plain language to require that an attorney appointed under 28 U.S.C. § 543 take an oath to execute faithfully his duties *"before taking office."* Section 544 must be read as a necessary condition precedent to the exercise of au-

thority as a Special Assistant United States Attorney, and that condition was not met here. There is sound policy support for requiring the oath of office. It solemnizes the appointment and sensitizes the appointed person to the obligations and limitations of the office. Additionally, it formalizes the appointment and works an official notification that the appointed person represents the government of the United States in its prosecuting authority and binds that branch of government to the acts of the appointed individual. In terms familiar to the law of agency, the oath is evidence of actual authority of the attorney as agent and thereby avoids disputes which could be generated by reliance upon some apparent authority.

Accordingly, one of the underlying purposes of the limitations in Rule 6(d) would appear to be the giving of assurance that the attorneys conducting the grand jury proceedings have both the authority and responsibility to bind the executive branch of government.

Having concluded that Rule 6(d) was violated, the question presented is what consequences flow from that violation? The government contends that this violation is analogous to claims of prosecutorial misconduct and cite *United States v. Pino,* 708 F.2d 523 (10th Cir.1983). There, the Tenth Circuit Court of Appeals held that an indictment should not be dismissed for prosecutorial misconduct before the grand jury unless it is "flagrant to the point that there is some significant infringement on the grand jury's ability to exercise independent judgment." 708 F.2d at 530. That, of course, requires an evidentiary hearing which has the effect of an exposure of matters which occurred before the grand jury and a consequent but necessary exception to the strong policy of grand jury secrecy. There is no alternative method to determine the existence of misconduct and its effects.

There is an alternative in this case and that is to utilize a *per se* rule, holding that a violation of Rule 6(d) compels a dismissal of the indictment which was the product of

the grand jury investigation in which the violation occurred. That result is directly analogous to the sanction required for a Rule 6(e) violation in *United States v. Tager, supra.* There is no clear definition of what constitutes prosecutorial misconduct. Necessarily, all of the facts and circumstances must be evaluated. That is not the case here. The requirements of Rules 6(d) and 54, together with § 544 of Title 28 are clear and unequivocal. The consequence of a violation of those requirements should also be clear and unequivocal and that means dismissal of the indictment.

The exact focus of this case appears to be a matter of first impression. There have been many other cases involving violations of Rule 6(d) which are quite different in character. In *United States v. Kahan & Lessin Co.,* 695 F.2d 1122, 1124 (9th Cir.1982), *United States v. Computer Sciences Corp.,* 689 F.2d 1181, 1185 (4th Cir. 1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983), and *United States v. Rath,* 406 F.2d 757 (6th Cir.), *cert. denied,* 394 U.S. 920, 89 S.Ct. 1196, 22 L.Ed.2d 453 (1969) the unauthorized persons made brief intrusions on the proceedings and no testimony was taken while they were present. *United States v. Birdman,* 602 F.2d 547, 557–58 (3d Cir.), *cert. denied,* 444 U.S. 1032, 100 S.Ct. 703, 62 L.Ed.2d 668 (1979), another case cited by the government, is also inapposite because the Third Circuit held that Rule 6(d) was not violated. *cf. United States v. Kazonis,* 391 F.Supp. 804, 805 (D.Mass.1975), *aff'd without opinion,* 530 F.2d 962 (1st Cir.), *cert. denied,* 429 U.S. 826, 97 S.Ct. 80, 50 L.Ed.2d 88 (1976) (stating in dictum that irregularities must infect the proceedings of the grand jury, deprive defendants of a fundamental right or violate the paramount policy of the United States).

*United States v. Lill, supra,* is distinguishable from the instant case because there the Rule 6(d) violation was addressed after the defendants' trial. Although the court adopted a prejudice or potential prejudice standard, it made clear that had it addressed the issue before the trial, it would have applied a *per se* dismissal rule.

There are cases ordering dismissal of indictments when unauthorized persons appeared before the grand jury with aggravating circumstances which are not present in this case. In *United States v. Gold,* 470 F.Supp. 1336 (N.D.Ill.1979), an EPA lawyer, who was appointed as a "Special Attorney in the Department of Justice," violated Rule 6(d) by prosecuting the case and testifying before the grand jury, 470 F.Supp. at 1351, labored under a conflict of interest, *Id.,* and violated Rule 6(e) on several occasions, 470 F.Supp. at 1351, 1353–54. Based on this and other conduct, the court also concluded that the prosecutors destroyed the grand jury's independence and violated the defendants' Fifth Amendment rights. 470 F.Supp. at 1356. In *United States v. Phillips Petroleum Co.,* 435 F.Supp. 610, 618–22 (N.D.Okl.1977), the court's discussion of an unauthorized person, without citing Rule 6(d), was not dispositive of the case, because the court held that the prosecutor's failure to introduce exculpatory evidence was an abuse of the grand jury process requiring dismissal of the indictment. Similarly, in *United States v. Braniff Airways, Inc.,* 428 F.Supp. 579, 589 (W.D.Tex.1977), the court held that the manner in which the prosecution introduced evidence from a prior grand jury proceeding, together with the failure to record that evidence, provided the basis for dismissing the indictment, though the court did rule that the presence of an unauthorized person during the grand jury proceedings was "an independent ground sufficient to vitiate the indictment." *See also United States v. Daneals,* 370 F.Supp. 1289 (W.D.N.Y.1974) (Counsel for Selective Service System attended grand jury proceedings, but indictment dismissed under totality of circumstances).

In *United States v. Treadway,* 445 F.Supp. 959, 963–64 (N.D.Tex.1978), the court ruled that by testifying before the grand jury and remaining in the room, a prosecutor violated Rule 6(d) and prejudiced the defendant. In *United States v. Bowdach,* 324 F.Supp. 123 (S.D.Fla.1971), the court noted the "potential for undue

influence" that resulted from the presence of an FBI agent who played a tape recording to refresh a witness' memory.

While *United States v. Echols,* 542 F.2d 948 (5th Cir.1976), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1695, 52 L.Ed.2d 387 (1977), reaffirmed that circuit's commitment to the *per se* rule, its comments are dicta because the court held that Rule 6(d) was not violated. *Latham v. United States,* 226 F. 420 (5th Cir.1915), which is cited with approval in *Echols,* was decided prior to the adoption of Rule 6(d).

A review of all of these cases reinforces the conclusion that the only effective sanction for a violation of Rule 6(d) is dismissal without any further inquiry into the effects of that violation.

The defendants also contend that dismissal is required because of a violation of Rule 6(e) by the disclosure to Ms. Filegar which necessarily occurred while she was present in the grand jury room, and while she was participating in the investigation. Rule 6(e)(2) establishes the obligation of secrecy of matters occurring before the grand jury. Rule 6(e)(3)(A)(ii) creates an exception to that principle by giving the United States Attorney the authority to make disclosures of such matters to "such government personnel as are deemed necessary by an attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce federal criminal law." Clearly, Lillian Filegar as an SEC attorney was government personnel within the meaning of that exception. Therefore, the Assistant United States Attorneys in this case had the authority to make necessary disclosures of matters occurring before the grand jury to her, provided that they complied with the requirement of Rule 6(e)(3)(B) by giving notice promptly.

Rule 6(e) is separate and apart from Rule 6(d) in that the former obviously relates to disclosures of matters occurring before the grand jury to persons who were not then present in the grand jury room. The matters which transpired in the grand jury room while Ms. Filegar was present and before she took the oath work a violation of Rule 6(d) which could not be cured by a Rule 6(e) notice. Upon taking the oath, Ms. Filegar did become an authorized Special Assistant United States Attorney and her subsequent appearances before the grand jury were authorized, unless there was a lapse in the appointment. Assuming such a lapse, her further appearances before the grand jury would simply be additional violations of Rule 6(d) for which no additional sanction would be warranted, given the conclusion that dismissal is required by the August 24, 1982 appearance alone. If there was a lapse in the appointment and the disclosure which occurred by her reading transcripts and being aware of the grand jury investigation was not within her authority as a Special Assistant United States Attorney, those disclosures made outside the grand jury room were properly made and the notice filed in March, 1983 does constitute a notice which is sufficiently "prompt" to be a compliance with Rule 6(e)(3)(B) under the peculiar facts and circumstances of this case.

Upon the foregoing, it is

ORDERED, that the indictment filed in this matter on October 19, 1983 is dismissed as to all of the defendants herein and their bonds are exonerated.