## In re GRAND JURY NOVEMBER 1989.

### No. G.J. No. 46.

United States District Court,
E.D. Arkansas.

Jan. 9, 1990.

Floyd Clardy, Dept. of Justice, Washington, D.C., for plaintiff.

## ORDER

GEORGE HOWARD, Jr., District Judge.

On December 6, 1989, the government filed, *in camera* and under seal, a notice of unauthorized entry into the grand jury room along with a supporting memorandum. Affidavits reciting the facts of the event were filed, *in camera* and under seal, on December 21, 1989, by the two Department of Justice attorneys and the EPA Special Agent involved. The issue to be resolved by the Court is whether the admitted violation can be remedied by the reexamination of a witness with cautioning instructions to the jury by the Court or whether all the evidence must be presented to a new grand jury. Since the Court finds that the intrusion was not prejudicial, the government will be permitted to proceed with recalling the witness before the same grand jury after the panel has been appropriately instructed by the Court.

During September and November of 1989, the grand jury had heard testimony from several witnesses on a matter presented by the Environmental Crimes Section of the U.S. Department of Justice. While the grand jury was meeting on November 22nd, a lawyer, who had just passed the Pennsylvania bar examination the week before and had no experience with a grand jury, was assisting lead counsel and left the room to get some evidence from the EPA Special Agent. The agent entered the room and delivered a tape recorder set to play certain portions of a tape to lead counsel and then, mistakenly believing that he would immediately be needed to operate the tape recording device, moved to the back of the room near the door awaiting further instructions and remained in the room listening for approximately 15 to 30 minutes until the witness' testimony had concluded. The agent had been scheduled to testify next and did so concerning the tape. After receiving the evidence from the agent, lead counsel sat with co-counsel in the front of the room with their backs to the grand jurors during the examination and did not notice that the agent was in the room until the witness had finished testifying. The court reporter did not record the agent's presence in the room during the witness' testimony. The agent did not speak to any juror or to the witness. This was the last case presented before the grand jury. The grand jury did not vote on the proposed indictment nor did any juror mention that the agent's presence was noticed.

The government states that while the agent was authorized access to witnesses' grand jury testimony pursuant to Criminal Procedure Rule 6(e)(3)(A)(ii), Rule 6(d) did not permit him to sit in the grand jury room while a witness was testifying. Acknowledging that Rule 6(d) was violated, the government examines two possible remedies. The first remedy is to require the government to present all evidence to a new grand jury which would be analogous to the post-indictment remedy of dismissal without prejudice. However, the government argues that the November session was the third chapter in a continuing grand

jury investigation, it would be inconvenient and expensive for all the witnesses to return to testify again, and the subject would have to wait another six months to find out the disposition of the proceedings since the next grand jury will not convene until June of 1990. The second remedy is for the Court to instruct the grand jury to disregard the testimony of the witness who was testifying during the intrusion, to disregard the agent's presence during that testimony, and to not be influenced by his presence if they noticed him since the agent's intrusion was a mistake. The government suggests that this second remedy should be followed since the mistake can be corrected at a pre-indictment stage and any prejudice to the subject is minimized.

Rule 6(d) provides as follows:

> Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting.

This rule serves "the dual purpose of safeguarding the secrecy and privacy of the grand jury proceedings and of protecting the grand jurors from the possibility of undue influence or intimidation from unauthorized persons." *U.S. v. Echols*, 542 F.2d 948, 951 (5th Cir.1976).

In its brief, the government has stated that the only reported cases of Rule 6(d) violations have dealt with the issue being brought to the attention of a court at the post-indictment stage. The Court's own research appears to confirm that fact.[1] Therefore, the Court must use the reasoning applicable to post-indictment reviews of violations. As the government has pointed out, there used to be a split in the courts with some strictly construing the rule to dismiss the indictment without prejudice

while others examined the factual context of the breach of evidence of prosecutorial bad faith and intimidation or undue influence of grand jurors or witnesses.

The case of *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988) resolved the split. The Supreme Court held "... that, as a general matter, a District Court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Id.* at 2373. The trial court had dismissed the indictment on post-trial motions finding that the government had violated Rule 6(e) four times and Rule 6(d) once; had violated the witness immunity statute; had caused IRS agents to mischaracterize testimony; had improperly argued with a witness during recess after the witness had testified before the grand jury; had violated the Fifth Amendment rights of a number of witnesses; and had IRS agents sworn as agents of the grand jury to elevate their credibility. *U.S. v. Kilpatrick*, 594 F.Supp. 1324 (Colo.1984). The dismissal was reversed on appeal. *U.S. v. Kilpatrick*, 821 F.2d 1456 (10th Cir.1987).

The Supreme Court affirmed, adopting when dismissal of the indictment is sought for nonconstitutional error the standard of prejudice articulated by Justice O'Connor in her concurring opinion in *U.S. v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 946–947, 89 L.Ed.2d 50 (1986), by announcing that such dismissal "is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." 108 S.Ct. at 2374.

While finding that the government had violated Rule 6(d) by allowing two IRS agents to appear before the grand jury at the same time for the purpose of reading transcripts, the Supreme Court found no prejudice. It stated that the agents had

---

**1.** The dearth of cases on pre-indictment review of Rule 6(d) violations reflects either an unwillingness on the part of prosecutors to voluntarily admit an error has been committed or the inability of the prosecutors to recognize that a

violation has occurred. The government attorneys here should be commended for their candor in diligently bringing this matter to the Court's attention so corrective steps could be taken at this stage of the proceedings.

not given any testimony of their own during the reading of the transcripts, the grand jury was instructed not to ask any questions and the agents were instructed not to answer any questions during the readings, and there was no evidence that the agents' reading in tandem enhanced the credibility of the testimony or otherwise permitted the agents to exercise undue influence. Absent a finding that the defendant was prejudiced by prosecutorial misconduct, the indictment should not have been dismissed.

Applying that reasoning to the situation caused by the unauthorized entry of the agent here, the Court must find that the intrusion was not prejudicial to the subject or the grand jury's deliberations. This violation simply could not have a substantial effect on the grand jury's decision to charge. On the record that is now before the Court, it appears that the agent's presence in the grand jury room was inadvertent, he was not noticed by either the government or the court reporter until after the witness had testified, he did not speak to any jurors or the witness, the case was the last one presented that day, neither the witness nor the jurors indicated an awareness of the agent's presence, and the jury did not vote on the proposed indictment.

The Court finds that the Rule 6(d) violation presented here can be cured by the second alternative offered by the government. The grand jury will be instructed to disregard the testimony of the witness who was testifying during the intrusion and to disregard the presence of the agent during the witnesses' testimony. The grand jury will further be instructed that the agent's intrusion was a mistake and they should not be influenced by his presence, if they had noticed him. The witness will be recalled to testify before the grand jury in compliance with Rule 6(d).

IT IS SO ORDERED.