**STATE of Oklahoma, Appellant,**

v.

**Larry RINGGOLD, Appellee.**

**No. O–80–478.**

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1981.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Oklahoma City, for appellant.

Jim Jones, Sallisaw, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

The State of Oklahoma appeals from an order entered in Sequoyah County District Court, Case No. C–79–279, by the Honorable Fred D. Green which sustained the motion of Larry Ringgold, the appellee, to quash the grand jury indictment for violations of Laws 1974, ch. 60, § 1, now 22 O.S.Supp.1980, § 340.

Judge Green found that during the grand jury session investigating the appellee, Larry Ringgold, the district attorney's office was under investigation as well, and during the session no partial report was issued by the grand jury concluding its investigation, or clearing the office of the district attorney. He therefore sustained the appellee's

motion to quash and dismiss the indictment because of the intermittent presence in the grand jury room of one or two assistant district attorneys to assist and advise, together with one or two assistant attorneys general, in direct contravention of Laws 1974, ch. 60, § 1, now 22 O.S.Supp.1980, § 340.

The State admits a violation of the exact language of the statute occurred, but argues that there was substantial compliance with the statute, and further, that the actions of the assistant attorneys general and the assistant district attorneys were not prejudicial to the outcome of the grand jury proceedings, and the defendant's rights were in no way infringed. Contrary to what the State would have us find, a showing of prejudice to the defendant is not necessary in order to quash an indictment for a violation of 22 O.S.Supp.1980, § 340. Once a violation of the statute is found, prejudice must be presumed. *Hammers v. State*, 337 P.2d 1097 (Okl.Cr.1959); *Highers v. State*, 337 P.2d 1112 (Okl.Cr.1959).

In *Hartgraves v. State*, 5 Okl.Cr. 266, 114 P. 343 (1911), it was stated:

"There must not only be no improper influence or suggestion in the grand jury room, but, as suggested in *Lewis v. Commissioners*, 74 N.C. 194, there must be no opportunity therefor. If the presence of an unauthorized person in the grand jury room may be excused, who will set bounds to the abuse to follow such a breach of the safeguards which surround the grand jury?"

The ruling of the district court which dismissed the indictment filed against Larry Ringgold on December 13, 1979, is AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.