**The STATE of Oklahoma, ex rel. The GRAND JURY OF SEQUOYAH COUNTY, Appellant,**

**v.**

**Frank THORNTON, Jr., Sheriff, an Officer of Sequoyah County, Oklahoma, and Carl Wilson (Mayor), President, Board of Trustees, Town of Roland, Sequoyah County, Oklahoma, Appellees.**

**No. 54776.**

Supreme Court of Oklahoma.

Nov. 2, 1982.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Oklahoma City, for appellant.

Jim Jones, Sallisaw, for appellees.

BARNES, Vice Chief Justice.

On the 9th day of August, 1979, District Judge Pat Pate of the District Court of Sequoyah County ordered and directed the convening of a Grand Jury. The Grand Jury was convened on September 17, 1979, and was discharged on December 13, 1979 after returning a single indictment against Larry Ringgold and two accusations for removal, one against appellee, Frank Thornton, Jr., then the Sheriff of Sequoyah County, and one against Carl Wilson, who was Chairman of the Board of Trustees of the Town of Roland, Oklahoma.

The Grand Jury proceeding was conducted by two Assistant Attorney's Generals due to the fact that the District Attorney's office was under investigation. Two Assistant District Attorneys made various appearances in the Grand Jury room and even testified to matters concerning the District Attorney's office, but neither Assistant District Attorney was present in the Grand Jury room when testimony was received from other witnesses concerning the District Attorney's office or while the Grand Jury was deliberating or voting.

Appellee filed a Motion to Dismiss and/or Quash the Grand Jury accusation. Appellee alleged numerous violations of the Jury Wheel Act of 1949, as amended; and further alleged that the provisions of 22 O.S. Supp.1974 § 340 had been violated by the allowance of unauthorized persons to appear in the Grand Jury room during the proceedings.

Judge Charles Woodson found that there had been substantial compliance with the Jury Wheel Act of 1949 as amended, but sustained appellee's Motion to Dismiss and Quash the Grand Jury accusations for violations of 22 O.S.Supp.1974 § 340.

■ Appellant also contends that the appearance of two District Attorneys in the Grand Jury room was not violative of 22 O.S.Supp.1974 § 340 even though the District Attorney's office was under investigation by the Grand Jury. The statute provides:

> . . . that neither the district attorney, nor an assistant district attorney, may be present or participate in his official capacity, as herein provided, during an investigation by the grand jury of the district attorney's office, or of any person officially associated with said office.

The District Attorney's office had been under investigation through the proceedings, yet two members of the office had made various appearances at the Grand Jury proceeding at times when the District Attorney's office was not the subject of the proceeding. In *State of Oklahoma v. Ringgold,* 635 P.2d 626 (Okla.Crim.1981), a case involving the same Grand Jury proceeding,

the Court of Criminal Appeals affirmed the trial court's findings that no partial report was issued by the Grand Jury concluding its investigation or clearing the office of the District Attorney, and that the disqualification of the District Attorney's office as a legal representative before the Grand Jury continued until the Grand Jury issued its final report on December 13, 1979. Although we are not bound by the opinion of the Court of Criminal Appeals, we find it to be persuasive and concur in its holding that the District Attorney's office was disqualified from appearing before the Grand Jury until the Grand Jury issued its final report.

■ Appellant's final contention is that the actions of the Assistant Attorney's Generals and Assistant District Attorneys, even if technically wrong, were not prejudicial to the outcome of the Grand Jury proceeding and the appellee's rights were in no way infringed. We agree with the Court of Criminal Appeals that once a violation of the statute is found, prejudice must be presumed. *Hammers v. State,* 337 P.2d 1097 (Okla.Cr.1959).

The trial court's quashing of the ouster accusation against appellee is affirmed.

IRWIN, C.J., and HODGES, LAVENDER, DOOLIN, HARGRAVE, OPALA and WILSON, JJ., concur.

SIMMS, J., concurs in result.